Bertha **GUTIERREZ**, a/k/a **Beatrice Bargas, and Pedro Gutierrez, Individually and as Representative of the Estate of Anna Gutierrez, Deceased, Appellants,**

v.

Geoffrey S. **WALKER, M.D., Harry F. Gross, Jr., M.D., Renal Physicians of North Texas, L.C.; Mid–Cities Nephrology Association, P.A.; d/b/a Irving Dialysis Center, and Mark Meiches, M.D. Appellees.**

No. 13–00–171–CV.

Court of Appeals of Texas, Corpus Christi.

June 14, 2001.

Rehearing Overruled July 26, 2001.

Charles W. Mcgarry, Dallas, for Appellant.

Bruce W. Steckler, Diana L. Faust, R. Brent Cooper, Cooper, Aldous & Scully, Dallas, Charles G. Bell, Gwinn & Roby, Dallas, for Appellee.

Before Justices DORSEY, RODRIGUEZ, and HILL [1].

## OPINION

JOHN HILL, Senior Justice (Assigned).

Bertha Gutierrez, a/k/a Beatrice Bargas, and Pedro Gutierrez, individually and as representative of the estate of Anna Gutierrez, deceased, appeal from the trial court's order dismissing their medical malpractice action against Geoffrey S. Walker, M. D.; Harry F. Goss, Jr., M.D.; Renal Physicians of North Texas, L. C.; Mid–Cities Nephrology Association, P. A., d/b/a Irving Dialysis Center; and Mark Meiches, M.D. Presenting five issues, appellants contend that: (1) the trial court abused its discretion by requiring them to prove that an expert report that they filed under the Medical Liability and Insurance Improvement Act was made in good faith; (2) there is no evidence, or, alternatively, factually insufficient evidence to support the trial court's finding that their expert reports did not represent a good-faith effort

---

**1.** Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

to comply with the Medical Liability and Insurance Improvement Act; (3) the trial court erred in dismissing their case without evidence of the culpable mental state required by the due process clause of the United States Constitution; (4) the trial court erred in refusing to rule upon their request for a grace period under the Medical Liability and Insurance Improvement Act; and (5) the trial court abused its discretion by denying their request for a grace period because appellees did not attempt to controvert appellants' evidence of mistake.

We reverse and remand for further proceedings because the trial court abused its discretion by denying appellants' request for a thirty-day grace period in which to file a sufficient expert's report, where there is uncontroverted evidence that the failure to timely file a sufficient report was due to mistake and was not intentional or the result of conscious indifference.

This medical malpractice case arises out of the death of Anna Gutierrez, a one-day-old infant born to Bertha Gutierrez. Article 4590i, section 13.01(d) of the Texas Revised Civil Statutes requires the timely filing of expert reports for each physician or health care provider against whom a claim is asserted. TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2001). Under that section, these reports are due not later than the later of the 180th day after the date on which the claim was filed or the last day of an extension granted by the trial court for good cause shown or an extension agreed to in writing by the parties or their counsel that has been filed with the court. *See* TEX. REV. CIV. STAT. ANN. 4590i § 13.01(d) (Vernon 1999). Appellants sought and obtained such an extension to file the report, based upon their assertion that they had not yet been able to depose the defendants. The order for extension provided

that all such reports were to be filed on or before 30 days after January 20, 1999. Subsequently, appellants, on February 22, 1999, filed expert reports with respect to Drs. Walker, Goss, and Meiches. Several months thereafter, appellees filed a joint motion to dismiss appellants' claims, asserting that the reports filed by the appellants did not represent a good faith effort to comply with the requirements of article 4590i, section 13.01(r)(6), and that the experts were not qualified as experts under section 13.01(r)(5). *See id.* § 13.01(r)(5), § 13.01(r)(6)

■ In their fifth issue presented on appeal, appellants contend that the trial court abused its discretion by denying their request for a grace period because appellees did not controvert evidence that their failure to file an adequate expert report was a mistake. Appellants sought a thirty-day grace period in the event that the trial court should find that they had not timely filed the required expert reports. Article 4590i, section 13.01(g) provides that the trial court is to grant such a motion if, after hearing, the court finds that the failure of the claimant or the claimant's attorney to timely comply with the expert report requirement was not intentional or the result of conscious indifference but was the result of an accident or mistake. *See id.* § 13.01(g).

James W. Mills, III, appellants' attorney at trial, testified that this case was the second medical malpractice claim that he had handled. He said that the experts' reports contained everything that he had advised them was legally required, and that they used the same format that he had used in his earlier case. He indicated that no objections had been posed to his reports in the earlier case. Mills also testified that, to the best of his recollection, at the time he did this he was going on what he believed article 4590i required that he

have. He stated that to the best of his recollection he had not compared the reports with the actual requirements of the statute.

On cross-examination, Mills acknowledged that he is board certified in personal injury and civil trial law. He indicated that he had attended CLE courses, some of which probably included discussions of medical malpractice cases. He stated that at the time the suit was filed he was basically familiar with the requirements of article 4590i, including those having to do with expert reports. He indicated that he became aware of the requirements either by reviewing the statute or by discussing it at the time the legislation came about. While he acknowledged that he would generally read something filed by a defense attorney in a case, he did not recall reading appellees' response to his prior motion for extension of time. In their response to appellants' motion for extension of time, the appellees stated that,

> [T]he expert report must state that the plaintiff has obtained a written opinion from an expert who has knowledge of the accepted standards of care for the diagnosis in question and that the acts and omissions of the physician or healthcare provider were negligent and a proximate cause of the injury claimed. TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.1999). These statutory provisions are mandatory and provide no exceptions except upon agreement of the parties.

The trial court granted appellees' motion to dismiss appellants' claims, thereby denying appellants' motion requesting a thirty-day grace period. We hold that the trial court abused its discretion in denying appellants' motion for a thirty-day grace period because, while appellees presented evidence that appellants' counsel was basically familiar with the requirements of article 4590i, including expert reports, appellees presented no evidence that Mills, appellants' attorney, knew the specific requirements of an expert report but failed to file reports that met those requirements. *See Roberts v. Medical City Dallas Hospital, Inc., et al.*, 988 S.W.2d 398, 403–04 (Tex.App.—Texarkana 1999, pet. denied).

Appellees contend that the trial court did not abuse its discretion in denying appellants a grace period because they had controverted appellants' evidence that the failure to file adequate expert reports was a mistake. They refer us to testimony by Mills that he was aware of the requirements of article 4590i and that he ordinarily would have read documents filed by the appellees. They argue that they included the requirements of the statute regarding expert reports in their response to the appellants' motion for an extension of time to file reports. While Mills testified that he was basically familiar with the requirements of article 4590i with respect to expert reports, he also indicated that he was mistaken as to the specific requirements of article 4590i, section 13.01(r)(6), believing that the reports he filed were in compliance with the statute.

An "expert report" is defined in article 4590i as

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. REV. CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.1999).

■ The expert reports filed by appellants were deficient in that they did not set forth the expert's opinions regarding the applicable standard of care, the manner in which the care rendered failed to meet the standard, nor the causal relationship between that failure and the injury, harm, or damages claimed. *Transitional Care Centers, Inc. v. Palacios*, 46 S.W.3d 873 (Tex. 2001). Instead, the reports merely set forth the treatment afforded to the patient and the expert's conclusion that, based upon reasonable medical probability, the treatment afforded represented a significant deviation from standard medical care and that this negligence was a proximate cause of the infant's death.

While appellees, in their response to appellants' motion for extension of time to file expert reports, made reference to the definition of expert report contained in article 4590i, § 13.01(r)(6), they made no mention of the requirement that the report set forth the expert's opinion as to the standard of care, how the defendant failed to meet the standard, and the causal relationship between the failure and the injury, harm, or damages claimed. If the requirements of an expert report were the same as those reflected in appellees' response, appellants' reports would have met the requirements.

Appellees state in their brief that Mills admitted in his testimony that appellees' counsel had advised him that his expert reports were wholly inadequate. When asked if any of the objections to his expert reports were raised prior to the deadline, Mills testified that he and appellees' counsel had numerous arguments about a lot of different things, but that he did not recall whether the expert report was one or not. He did indicate that appellees' counsel told him that he was not happy with his reports and that appellees' counsel was filing motions for summary judgment as a means of obtaining additional information, informa-

tion that Mills testified he thought was over and above the requirements of article 4590i.

The appellees rely upon at least two cases, *Knie v. Piskun*, 23 S.W.3d 455 (Tex. App.—Amarillo 2000, pet. denied), and *Nguyen v. Kim*, 3 S.W.3d 146 (Tex.App.— Houston [14th Dist.] 1999, no pet .). We find both of these cases to be distinguishable. In *Knie*, the plaintiff failed to timely file any expert report. *Knie*, 23 S.W.3d at 462. In seeking a grace period, Knie asserted that she was unaware of the requirement that she file such a report, while her attorney, whom she acquired after the deadline had passed, indicated that he had a misunderstanding of the application of section 13.01(a) to indigents. *Id.* at 462–63. The court held that the trial court did not abuse its discretion in denying the plaintiff a grace period, where the plaintiff was ignorant of the law, as opposed to making a mistake of law, and where any mistake by her attorney as to the law did not occur until after the deadline for filing the expert report had passed, and therefore did not retroactively satisfy the mistake or accident requirement of section 13.01(g). *Id.* at 464–65. In the case at bar, appellants' counsel was mistaken as to the necessary contents of an expert report, not ignorant of the requirement that he file one. Also, he was employed by appellants and made this mistake prior to the deadline for filing the report.

In *Nguyen*, the court held that the trial court did not abuse its discretion by denying the plaintiff a grace period, where the plaintiff failed to file any expert report at all. *Nguyen*, 3 S.W.3d at 154. The court noted that prior to the deadline for filing the report, defense counsel had written plaintiff's counsel advising of the impending deadline, and that plaintiff's counsel had responded that he had an expert report, but neither filed it nor provided opposing counsel with a copy of it. The

court held that this constituted evidence controverting the plaintiff's claim that their failure to file the report was an accident or mistake, not intentional or the result of conscious indifference. In the case at bar, there is no evidence that appellees notified appellants of the deficiencies in their reports, nor that appellants were aware of the deficiencies. As previously noted, there is no definite indication that appellees' counsel told appellants' counsel of the deficiencies, and the statement in the appellees' response to appellants' request for an extension of time to file the reports did not mention the three requisites of an expert's report that were missing from appellants' reports. Because we do not accept appellees' contention that Mills' testimony as to his mistake was controverted, we sustain appellants' contention in issue five that the trial court abused its discretion by not granting them a thirty-day grace period. In view of our determination of this issue, we need not address the contentions raised by appellants in issues one, two, three, and four.

We reverse the judgment and remand this cause to the trial court for further proceedings.