In re HENDRICK MEDICAL CENTER; John Frank White, III, M.D.; Norman J. Dozier, M.D.; and Abilene Anesthesia Group, P.A.

No. 11–02–00148–CV.

Court of Appeals of Texas, Eastland.

Oct. 3, 2002.

Charles K. Aris, Charles G. Bell, Michael R. Goldman, Gwin & Roby, Joann N. Wilkins, Edwin Meador, Burford & Ryburn, Dallas, David R. Cobb, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Lydia JoAnn Barrett, Richard L. Denney, Denney & Barrett, Norman, Bob Hanna, Hanna Law Firm, Matthew E. Ritchie, Asbury & Asbury, L.L.P., Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

The issue in this mandamus action is whether a trial court, after finding that a timely-furnished medical expert report is inadequate to satisfy the requirements of an "expert report" under TEX.REV.CIV. STAT.ANN. art. 4590i, § 13.01(d) & (r)(6) (Vernon Supp.2002), has discretion under Section 13.01(g) to grant plaintiffs a 30-day extension period for furnishing another expert report.[1] Because a majority of this court concludes that the trial court has discretion to grant an extension period under Section 13.01(g) and is not required to dismiss the action under Section 13.01(e), we deny the petition for a writ of mandamus.

## Background Facts

Billie G. Newman was severely injured in an automobile accident and was taken to Hendrick Medical Center. Shortly after a thoracic epidural catheter drip was placed in her, she suffered respiratory cardiac arrest. The Newman family [2] brought this medical malpractice action against Hendrick Medical Center; John Frank White, III, M.D.; Norman J. Dozier, M.D.; and Abilene Anesthesia Group, P.A. (collectively Relators), alleging that Relators' negligence caused the cardiac arrest; that Newman suffered major, irreversible brain damage as a result of the cardiac arrest; and that she ultimately died as a result of complications from the arrest.

The Newman family was required to furnish each defendant physician and health care provider an expert report and the expert's curriculum vitae within 180 days of filing suit or voluntarily nonsuit the action. Section 13.01(d); *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 45 Tex. Sup.Ct. J. 833, 834 (June 13, 2002); *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001). Section 13.01(r)(6) sets forth the requirements for the "expert report" that Section 13.01(d) requires a claimant to furnish each physician and health care provider.

The Newman family filed a report within the deadlines of Section 13.01(d), furnishing Relators with the expert report and curriculum vitae of Dr. Brian Lowery. Relators challenged the adequacy of the report as provided in Section 13.01(*l*) and

---

**1.** All statutory citations are to TEX.REV.CIV. STAT.ANN. art. 4590i, § 13.01 (Vernon Supp. 2002) unless otherwise noted.

**2.** The Newman family, the real parties in interest, consists of Billy G. Newman, individually and as an heir and Executor of the Estate of Billie G. Newman; Gwendolyn Ann Holmes, individually as an heir of the Estate of Billie G. Newman; Rocky Ray Newman, individually as an heir of the Estate of Billie G. Newman; and Brandi Jean Washburn, individually as an heir of the Estate of Billie G. Newman.

moved under Section 13.01(e) for dismissal of the Newman family's action with prejudice. In response, the Newman family filed a motion seeking a 30 day grace period under Section 13.01(g) if the trial court should find that Dr. Lowery's report was inadequate. At the hearing, the trial court found that Dr. Lowery's report was not an "expert report" as defined by Section 13.01(r)(6); and, therefore, the Newman family had failed to furnish Relators an expert report within 180 days of filing their lawsuit. The attorney for the Newman family testified that he had mistakenly thought that Dr. Lowery's report met the requirements of Section 13.01(r)(6) but that he had been making an effort to contact Dr. Lowery for Dr. Lowery to provide more detail in his report before the hearing. The trial court then granted the Newman family a 30–day grace period to furnish Relators a report complying with Section 13.01(d) and (r)(6). Granting the grace period under Section 13.01(g), the trial court found that the failure to furnish an expert report was not intentional or the result of conscious indifference but was the result of an accident or mistake. The trial court then denied Relators' motion to dismiss.

■ Mandamus relief will only issue to correct a clear abuse of discretion or a violation of a legal duty when there is no adequate remedy at law. *In re Epic Holdings, Inc.,* 985 S.W.2d 41, 56 (Tex. 1998)(orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig. proceeding). We need only address whether the trial court committed a clear abuse of discretion or a violation of a legal duty.[3]

■ The Newman family agrees that Dr. Lowery's report did not meet the requirements of Section 13.01(d) and (r)(6).

Because the report was inadequate, Relators contend that Section 13.01(e) imposed a legal duty on the trial court to dismiss the Newman family's action with prejudice and that it was a clear abuse of discretion when the trial court failed to do so. Section 13.01(e) provides in part:

(e) If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

A report of an expert that fails to set forth the elements required by Section 13.01(r)(6) is not, by definition, an "expert report." By furnishing an inadequate report, the Newman family failed to comply with Section 13.01(d) because they did not furnish an "expert report" within 180 days of filing suit. *Whitworth v. Blumenthal,* 59 S.W.3d 393, 399 (Tex.App.-Dallas 2001, pet'n dism'd by agr.). Relators argue that, when a medical malpractice claimant has failed to comply with Section 13.01(d) because the claimant furnished an inadequate report, Section 13.01(e) mandates that "the court shall...enter an order awarding as sanctions against the claimant...the dismissal of the action...with prejudice." Their position is that Section 13.01(g) was not available to the Newman family because Section 13.01(e) mandated a dismissal with prejudice by the trial court.

---

**3.** Although we do not reach the question of whether Relators have an adequate remedy at law, see *In re Collom & Carney Clinic Associa-* *tion,* 62 S.W.3d 924 (Tex.App.-Texarkana 2001, orig. proceeding), for a discussion of this requirement for a writ of mandamus.

Therefore, Relators do not challenge the trial court's finding that the Newman family's failure to provide an adequate "expert report" was not intentional or the result of conscious indifference but was the result of an accident or mistake. The question of whether a mistake of law as to the content of the report by the claimant's attorney constitutes a "mistake" under Subsection (g) was the issue in *Gutierrez v. Walker,* 50 S.W.3d 61 (Tex.App.-Corpus Christi 2001, pet'n granted), and is currently being addressed by the Texas Supreme Court in *Walker v. Gutierrez,* No. 01–0841 (pet'n granted June 20, 2002)(set for submission October 23, 2002).[4]

Relators acknowledge that earlier the trial court could have granted the Newman family a 30–day extension under Section 13.01(f) for furnishing the report, but Section 13.01(f) is only available to extend the 180–day period to 210 days; it is not available after the 210 days have passed. *Whitworth v. Blumenthal, supra* at 397. Relators also acknowledge that a trial court can grant a 30 day grace period under Section 13.01(g) for furnishing the report, but they argue that Section 13.01(g) is only available where the claimant failed to furnish any report during the 180–day period. This argument ignores the initial phrase of Section 13.01(g). Section 13.01(g) provides:

> *Notwithstanding any other provision of this section [13.01],* if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was

the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section. (Emphasis added)

The phrase "[n]otwithstanding any other provision of this section" clearly refers to all of the provisions of Section 13.01, including the provision found in Section 13.01(e). Therefore, notwithstanding Subsection (e), Subsection (g) entitled the Newman family to a 30 day grace period if they could show that their failure to furnish an expert report within the deadline was not intentional or the result of conscious indifference. *Whitworth v. Blumenthal, supra* at 400.

Relators argue that the Newman family did not fail "to comply with a deadline established by Subsection (d)" because they furnished a report and complied with the deadline established by Subsection (d); the report just did not meet the requirements of Section 13.01(r)(6). Subsection (g) was enacted to serve as a "safety valve" to prevent forfeiture of claims through an accident or mistake that causes a party to fail to comply with Subsection (d). *Broom v. MacMaster,* 992 S.W.2d 659, 663 (Tex.App.-Dallas 1999, no pet'n). Following Relators' logic, a claimant is unable to utilize the "safety valve" of Subsection (g) if the claimant made an effort to provide an adequate "expert report" but is able to utilize the "safety valve" if the claimant failed to furnish any report. Un-

---

**4.** According to the petitioner's brief in *Walker v. Gutierrez, supra,* the trial court denied the claimant's request for a 30–day grace period on the express ground urged by Relators in this case, that Subsection (g) is not available where the claimant has timely filed a report

but it is inadequate. The petitioner is not urging this ground to the supreme court but, instead, is arguing that a mistake of law as to the requirements of Section 13.01(r)(6) is not a "mistake" under Section 13.01(g).

der Relators' reading of Section 13.01, a claimant whose furnished expert report is inadvertently missing a page or who erroneously furnishes the wrong expert report cannot use Subsection (g) to add the missing page or subsequently furnish the correct expert report.

If the legislature had meant for Section 13.01(g) to only apply where a claimant has failed to furnish any report, it would have been a simple matter to have Section 13.01(g) read: "If a claimant has failed to [*furnish*] a report with[in] a deadline established by Subsection (d)." (Emphasis added) The Newman family "failed to comply with a deadline established by Subsection (d)" when they provided Relators with an inadequate report just as they would have "failed to comply" if they had failed to furnish any report.

The "failed to comply" phrasing in both Section 13.01(g) and (e) is similar. A court shall, upon motion, dismiss with prejudice an action pursuant to Section 13.01(e) "[i]f a claimant *has failed,* for any defendant physician or health care provider, *to comply with Subsection (d) of this section within the time required."* (Emphasis added) The phrasing of the failure "to comply with Subsection (d) . . . within the time required" found in Subsection (e) and the failure "to comply with a deadline established by Subsection (d)" found in Subsection (g) should be interpreted consistently. See *Whitworth v. Blumenthal, supra* at 409 (concurring opinion). As we pointed out in *Richburg v. Wolf,* 48 S.W.3d 375, 378 (Tex.App.-Eastland 2001, pet'n den'd), failure to comply with the requirements of Section 13.01(d) and (r)(6) may stem from either the failure to furnish a report or the furnishing of an inadequate report.

We hold that the trial court had discretion under Section 13.01(g) to grant a grace period of 30 days for the Newman family to furnish an "expert report" even though the trial court found their first report to be inadequate under Subsections (d) and (r)(6) and even though the initial 180 day period referred to in Subsection (d) had expired.

### This Court's Ruling

Relators' petition for writ of mandamus is denied.

JIM R. WRIGHT, J., dissents.

JIM R. WRIGHT, J., dissenting.

I would grant the petition and hold that the trial court abused its discretion when it granted the Newman family a 30–day extension under Section 13.01(g). I would hold that Section 13.01(g) applies only when no report has been filed within the deadline established in Section 13.01(d). The Newman family did not fail to meet a deadline; they timely filed a report, but the report was inadequate. Filing an inadequate report is not the same as not filing a report.

Generally, I agree with the reasoning of Justice Fitzgerald in his dissent in *Whitworth v. Blumenthal, supra.* Section 13.01(d) contains two broad categories. First, Subsection (d) addresses what must be done and then it addresses when it must be done. Section 13.01(e) instructs us as to what happens if the claimant fails to comply with Section 13.01(d). Section 13.01(e) speaks to both categories of Section 13.01(d) and informs us of the result of failure to comply with Section 13.01(e): "If a claimant has failed . . . to comply with Subsection (d) of this section *within the time required* . . . the court shall." (Emphasis added) Thus, there are two parts to Subsection (e): (1) failure to comply by not filing an expert report (2) within the time required.

Although there are two parts to Subsection (e), Subsection (g) is not written so

broadly. Subsection (g) is limited to failure "to comply *with a deadline* established by Subsection (d)." There is no mention of the qualities of the report in Subsection (g), just the temporal aspects, the deadline. The adequacy of the report is addressed in another part of the statute, Subsection (*l*):

A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in subsection (r)(6) of this section.

Therefore, as suggested by Justice Fitzgerald, the timeliness is addressed by Subsection (g) and adequacy is addressed by Subsection (*l*). If a claimant has missed a deadline by not filing a report at all, then he should avail himself of the provisions of Subsection (g). If a claimant furnishes an inadequate medical report, then he should correct it within the time periods set forth in Subsection (d): 180 days, plus 30 days if good cause is shown, or with such extensions as agreed upon by the parties.

The opening phrase of Subsection (g) does state: "Notwithstanding any other provision of this section [Section 13.01]." However, that phrase is followed by the limiting words: "[I]f a claimant has failed to comply with a deadline." I would hold that the introductory phrase controls a situation wherein a claimant has filed a sufficient medical report, but he files it late. If he can show that the failure to file the report on time was not intentional or the result of conscious indifference but was the result of accident or mistake, then he is entitled to a grace period of 30 days *notwithstanding* what subsection (d) provides. Thus, the clause which begins with "[n]otwithstanding" is not mere surplusage; but its purpose, in part, is directly related to Subsection (d).

Additionally, I would not treat an inadequate report as being one and the same as no report at all. Nothing in the statutes dictates that result. I agree with Justice Fitzgerald's statements:

[N]othing in the Act suggests that inadequate reports are deemed never to have existed.

In common usage and in the Act itself, there is a difference between work that is inadequate and work that has never been done. I would conclude that the Legislature intended the definition of "expert report" in subsection (r)(6) simply to set forth the standards for an adequate expert report, not to consign inadequate expert reports to veritable non-existence.

This analysis should not raise concerns about disparate treatment of differently-situated plaintiffs, i.e., those who file no report as opposed to those who file an inadequate report in a timely fashion. In truth, the Texas Legislature has created a legislative scheme that balances the competing concerns of all plaintiffs and all defendants in a particular manner that we must respect. According to that scheme, for example, a plaintiff who misses an early filing deadline by accident or by mistake receives a grace period to cure her blameless error. But the defendant is still guaranteed a relatively speedy initial protection: if no expert is found within the grace period who will place an imprimatur on the plaintiff's claim, then that claim will be dismissed. This threshold process exemplifies the Legislature's efforts to craft procedures that would quickly identify, and thus reduce, frivolous lawsuits. See *Palacios*, 46 S.W.3d at 876–77 (citing HOUSE COMM. ON CIV. PRAC., BILL ANALYSIS, TEX. H.B. 971, 74th Leg., R.S. (1995)).

*Whitworth v. Blumenthal, supra* at 405.

In *Palacios*, 180 days passed and the claimants had not filed an expert report.

American Transitional Centers, one of the defendants, moved to dismiss the claim. Instead of filing an expert report or non-suiting their claim, the claimants moved for an extension of time in which to file the expert opinion. The trial court granted the motion, and the claimants filed a report prepared by a doctor. American Transitional Centers filed another motion to dismiss, claiming that the report was not an adequate report. The trial court granted the motion to dismiss, but the court of appeals reversed because, after evaluating the trial court's decision as it would a summary judgment decision, it found that the report represented a good faith effort to comply with the statute. The supreme court reversed the court of appeals and, in so doing, held that the proper review was under an abuse of discretion standard rather than upon a summary judgment standard. Further, the *Palacios* court held that the trial court should only look at the report itself to determine if the report represents a good faith effort to comply with the definition of an expert report in Subsection (r)(6). If the trial court finds that it does not, then the trial court must dismiss the challenged claims with prejudice. In the words of the *Palacios* court:

> And because the statutory 180 day time period had passed when the trial court here made that determination [that the report was inadequate], section 13.01(e) required the court to dismiss with prejudice the Palacioses' claims against American Transitional.

*American Transitional Care Centers of Texas, Inc. v. Palacios, supra* at 880.

I believe that this interpretation meets the stated purposes of the Act, that being to "quickly identify, and thus reduce, frivolous lawsuits." See *American Transitional Care Centers of Texas, Inc. v. Palacios, supra* at 877. I would conditionally grant the writ of mandamus and require that the Newman family's suit be dismissed under Section 13.01(e).