Geoffrey S. **WALKER, M.D.,** Harry F. Goss, Jr., **M.D.,** Renal Physicians of North Texas, **L.C.,** Mid–Cities Nephrology Association, **P.A.,** d/b/a Irving Dialysis Center, and Mark Meiches, **M.D.,** Petitioners,

v.

Bertha **GUTIERREZ,** a/k/a Beatrice Bargas, and Pedro Gutierrez, individually and as Representatives of the Estate of Anna Gutierrez, Deceased, Respondents.

No. 01–0841.

Supreme Court of Texas.

Argued Oct. 23, 2002.

Decided June 19, 2003.

Rehearing Denied Aug. 21, 2003.

Diana L. Faust, lead appellate counsel, Brent R. Cooper, co-appellate counsel, Cooper & Scully, P.C., Dallas, for petitioners Geoffrey S. Walker, M.D., Harry F. Goss, Jr., Renal Physicians of North Texas, L.C., Mid–Cities Nephrology Association, P.A., d/b/a Irving Dialysis Center and Mark Meiches, M.D.

Charles G. Bell, Gwinn & Roby, Dallas, co-appellate counsel and trial counsel for petitioner Mark Meiches, M.D.

John A. Scully, lead trial counsel, Bruce W. Steckler, co-trial counsel, Cooper & Scully, Dallas, for defendants Geoffrey S. Walker, M.D., Harry F. Goss, Jr., Renal Physicians of North Texas, L.C., Mid–Cities Nephrology Association, P.A., d/b/a Irving Dialysis Center.

James W. Mills, Mills Law Firm, Charles W. McGarry, Law Office of Charles McGarry, Dallas, for respondents.

Justice JEFFERSON delivered the opinion of the Court.

In this medical malpractice case, we must decide: (1) whether the grace period contemplated by section 13.01(g) of the Medical Liability and Insurance Improvement Act, TEX.REV.CIV. STAT. art. 4590i, applies to inadequate, but timely filed, expert reports, (2) the standard of review for a trial court's ruling on a section 13.01(g) grace period, and (3) the circumstances under which a mistake of law will negate a finding of intentional conduct or conscious indifference under section 13.01(g). We hold that the section 13.01(g) grace period is available to cure timely filed but inadequate reports and that a trial court's ruling on a request for such a grace period is reviewed under an abuse of discretion standard. We also hold that, while some mistakes of law may negate a finding of

intentional conduct or conscious indifference, the trial court did not abuse its discretion in denying the request for a section 13.01(g) grace period in this case because the failure to file an adequate expert report was not the result of such a mistake. Accordingly, we reverse the court of appeals' judgment and dismiss with prejudice the respondents' claims.

## I

## Background

On October 9, 1998, respondents Bertha Gutierrez, a/k/a Beatrice Bargas, and Pedro Gutierrez, individually and as representatives of the estate of Anna Gutierrez, deceased (collectively, the "Gutierrezes"), filed a health care liability claim against Geoffrey S. Walker, M.D., Harry F. Goss, Jr., M.D., Renal Physicians of North Texas, L.C., Mid–Cities Nephrology Association, P.A. d/b/a Irving Dialysis Center, and Mark Meiches, M.D. (collectively, "petitioners"). The Gutierrezes alleged that the petitioners' negligent medical care and treatment of Bertha Gutierrez, a renal dialysis patient, proximately caused the premature birth and subsequent death of her infant, Anna Gutierrez, and injuries and damages to the Gutierrezes.

On January 6, 1999, having filed neither a cash bond nor an expert report as required by section 13.01(a), TEX.REV.CIV. STAT. art. 4590i, the Gutierrezes filed a motion for extension of time to file expert reports "pursuant to Sec. 13.01 of the Texas Medical Liability and Insurance Improvement Act." The Gutierrezes asserted that the extension was necessary so that they could depose the defendant doctors. The petitioners opposed the motion, noting that section 13.01(a) required that a claimant file a report or post a $5,000.00 cost bond not later than the 90th day after the claim was filed. The petitioners' response cited and summarized section 13.01(r)(6),

which outlines the requirements for an adequate expert report. On January 14, 1999, the trial court granted the Gutierrezes' motion for extension of time and ordered them to file their expert reports "on or before 30 days after January 20, 1999."

On February 18, 1999, the Gutierrezes filed two expert reports "for the sole purpose of complying with" article 4590i. The first, a report from Dr. Mario Assouad, a nephrologist, summarized Bertha Gutierrez's medical records and concluded "that the treatment given to Ms. Gutierrez by Doctors Walker, Goss and Meiches represents a significant deviation from standard medical care. Furthermore, such negligence is a proximate cause of Anna Gutierrez's death." The second, signed by Dr. Dave E. David, an obstetrician/gynecologist, summarized Gutierrez's medical records and reached the same conclusion: "both Dr. Walker and Dr. Goss' [sic] treatment of Ms. Gutierrez deviated from the standard of care and that their negligent conduct is a proximate cause of Anna Gutierrez's death. In addition, Dr. Meiches' [sic] treatment of Ms. Gutierrez also deviated from the standard of care and this deviation was a proximate cause of the baby's death."

On April 26, the petitioners moved to dismiss the Gutierrezes' claims for their failure to provide expert reports that represented "good faith effort[s]" to comply with section 13.01(r)(6) of article 4590i. The Gutierrezes responded, asserting that the reports complied with the statute and that, if they did not, the Gutierrezes were entitled to a thirty-day grace period under section 13.01(g). The Gutierrezes argued that "plaintiffs' attorney at all times believed that the plaintiffs' original expert reports satisfied the requirements of section 13.01(d)," and that "[t]his alone has

been held sufficient to require granting the grace period."

■ At the hearing on the motion to dismiss, James William Mills, III, the Gutierrezes' attorney, testified that he knew that the Gutierrezes' claims were governed by article 4590i and that he was familiar with the statute and "basically" aware of its requirements for expert reports. Mills acknowledged that the petitioners' response to the Gutierrezes' motion for extension of time cited section 13.01(r)(6)'s expert report requirements, and he was "sure" that he read the response at the time it was filed. Mills told each expert what he believed the reports had to contain. When he received the reports from the experts, Mills did not compare them with the statute to see if the reports complied with the statutory requirements. Mills admitted that the reports did not comply with section 13.01(r)(6): "what was missing [from the reports] was the standard and the violation of the standard." At the hearing, Mills also testified that he understood that the reports needed to show that each particular defendant had a duty, that there was a breach of that duty, and that due to the breach, there was an injury. The trial court granted the motion to dismiss and denied the Gutierrezes' motion for reconsideration.[1]

The court of appeals reversed and remanded, holding that the trial court abused its discretion in denying the Gutierrezes' request for a thirty-day grace period in which to file an adequate expert report because there was "uncontroverted evidence" that the failure to timely file a sufficient report was due to mistake and was not intentional or the result of conscious indifference. 50 S.W.3d 61. The court held that, while the reports were deficient, there was no evidence that the petitioners notified the Gutierrezes of those deficiencies or that the Gutierrezes were aware of the deficiencies. *Id.* at 66. Moreover, the court held that Mills was mistaken as to the necessary contents of an expert report, and the petitioners— while they referred to the section 13.01(r)(6) definition of an expert report— "made no mention of the requirement that the report set forth the expert's opinion as to the standard of care, how the defendant failed to meet the standard, and the causal relationship between the failure and the injury, harm, or damages claimed." *Id.* at 65.

We granted the petition for review to determine the extent to which a mistake of law will negate a finding of intentional conduct or conscious indifference under section 13.01(g). 45 Tex. Sup.Ct. J. 844 (June 20, 2002).

## II

### Applicability of Section 13.01(g)

At the outset, we must decide whether section 13.01(g) may be used to cure a timely but inadequate expert report. Although the parties apparently agree that it can, we have never addressed the issue. The courts of appeals that have discussed the issue—including the court of appeals in this case—have uniformly held or implicitly recognized that the section 13.01(g) grace period applies to inadequate but timely reports. *Hernandez v. Piziak,* No. 03–02–00544–CV, 2003 WL 248329, *2, 2003 Tex.App. LEXIS 1076, *5–*6 (Tex. App.-Austin Feb. 6, 2003, pet. filed) (memorandum opinion); *Daniel v. Beck,* No. 12–

---

1. While the trial court did not explicitly rule on the Gutierrezes' request for a grace period under section 13.01(g), we agree with the court of appeals that, by granting the motion to dismiss, the trial court implicitly denied the motion seeking a grace period. 50 S.W.3d at 64; *see also* TEX.R.APP. P. 33.1(a)(2)(A).

01–00328–CV, 2002 WL 31323498, *3, 2002 Tex.App. LEXIS 7485, *8–*10 (Tex.App.-Tyler Oct.9, 2002, no pet.) (not designated for publication); *In re Morris*, 93 S.W.3d 388, 391 (Tex.App.-Amarillo 2002, orig. proceeding); *Whitworth v. Blumenthal*, 59 S.W.3d 393, 400 (Tex.App.-Dallas 2001, pet. dism'd by agr.); *Hightower v. Saxton*, 54 S.W.3d 380, 385 (Tex.App.-Waco 2001, no pet.); *Richburg v. Wolf*, 48 S.W.3d 375, 378–79 (Tex.App.-Eastland 2001, no pet.); *DeLeon v. Vela*, 70 S.W.3d 194, 200–01 (Tex.App.-San Antonio 2001, pet. denied); *Rittmer v. Garza*, 65 S.W.3d 718, 724 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *In re Collom & Carney Clinic Ass'n*, 62 S.W.3d 924, 930 (Tex.App.-Texarkana 2001, orig. proceeding); *Gutierrez v. Walker*, 50 S.W.3d 61, 65–66 (Tex.App.-Corpus Christi 2001, pet. granted).

■ We agree that the section 13.01(g) grace period applies to inadequate but timely filed reports. Section 13.01(g) provides:

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

Tex.Rev.Civ. Stat. art. 4590i, § 13.01(g). Subsection (d) requires the claimant to file an expert report "[n]ot later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section." *Id.* § 13.01(d).

If a party fails to file any expert report at all, it has "failed to comply with a deadline established by Subsection (d)" and would be entitled to seek the section 13.01(g) grace period. We see no logical basis, therefore, for denying the same opportunity to a party who has filed a report that does not satisfy the statutory requirements. Such a party has also "failed to comply" with a subsection (d) deadline because, as we recognized in *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.2001), an expert report that is not a good faith effort to comply with the statutory requirements will not save the case from dismissal. *See also Shaw v. BMW Healthcare, Inc.*, 100 S.W.3d 8, 17 (Tex.App.-Tyler 2002, pet. denied)(noting that, under *Palacios*, there is no distinction between a motion to dismiss under subsection (e) (failure to file any report) and subsection (*l*) (failure to file an adequate report) because the sanction in both cases is dismissal). Moreover, failure to make the grace period available to parties who have timely filed inadequate reports would provide a perverse incentive by rewarding parties who do nothing and punishing those who attempt to comply with the statute but fail. We do not believe the Legislature intended such a result.

The statutory text supports this conclusion. Subsection (e) provides that, if a claimant fails "to comply with Subsection (d)," the court must dismiss the case. Tex. Rev.Civ. Stat. art. 4590i, § 13.01(e). Thus, if a claimant files an inadequate expert report, subsection (e) requires dismissal of the case. If a claimant's inadequate report constitutes a failure to comply with subsection (d), then that same action should be deemed a "fail[ure] to comply with a deadline established by Subsection (d)," enti-

tling the claimant to seek a grace period under section 13.01(g). *See Whitworth,* 59 S.W.3d at 409(Morris, J., concurring). Thus, we hold that a party who files a timely but inadequate expert report may seek relief under the grace period provisions of section 13.01(g).

## III

### Standard of Review

We have not previously addressed the appropriate standard of review for the denial or grant of a grace period under section 13.01(g). In *Palacios,* we held that a trial court's decision to dismiss a case under section 13.01(e) was reviewed for abuse of discretion. 46 S.W.3d at 875. We based our holding on the statute's plain language, which vested the trial court with discretion, and the fact that dismissals under section 13 were in the nature of sanctions, for which an abuse of discretion standard of review was appropriate. 46 S.W.3d at 877 (noting that section 13.01(*l*) directed the trial court to grant a motion challenging the adequacy of an expert report if it "appear[ed] to the court" that the plaintiffs did not make a good-faith effort to meet the statutory requirements).

■ Like section 13.01(e), section 13.01(g) vests the trial court with discretion; a claimant is entitled to a grace period only if "after hearing, the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake." TEX. REV.CIV. STAT. art. 4590i, § 13.01(g). Similarly, because section 13.01(g) applies only if a party has failed to comply with a deadline established by subsection (d), the failure to grant a grace period will result in the dismissal of the case pursuant to section 13.01(e), a sanction which, as noted in *Palacios,* is typically reviewed under an

abuse of discretion standard. 46 S.W.3d at 877. Finally, we note—as more fully discussed below—that the language of section 13.01(g) mirrors the standard for setting aside default judgments, also reviewed under an abuse of discretion standard. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Accordingly, we hold that a section 13.01(g) grace period determination is reviewed under an abuse of discretion standard.

Our decision today comports with lower court decisions, some of which erroneously cited *Palacios* for this proposition. *E.g., Hernandez v. Piziak,* No. 03–02–00544–CV, *2, 2003 Tex.App. LEXIS 1076, *5 (Tex.App.-Austin Feb. 6, 2003, pet. filed) (memorandum opinion); *Shaw v. BMW Healthcare, Inc.,* 100 S.W.3d 8, 15 (Tex. App.-Tyler 2002, pet. denied); *Hargrove v. Denno,* 40 S.W.3d 714, 716 (Tex.App.-San Antonio 2001, no pet.); *Nguyen v. Kim,* 3 S.W.3d 146, 151 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 535–36 (Tex. App.-Texarkana 1998, no pet.); *Estrello v. Elboar,* 965 S.W.2d 754, 757–58 (Tex.App.-Fort Worth 1998, no pet.).

■■ A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for the trial court's judgment. *See Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 41–42 (Tex.1989). We now consider whether the trial court abused its discretion in denying the Gutierrezes' request for a grace period.

## IV

### Mistake of Law

Section 13.01(g) requires a trial court to grant a grace period if, after hearing, "the

court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake." As several courts have correctly recognized, this standard mirrors the standard for setting aside default judgments, *see Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), or reinstating a case dismissed for want of prosecution, *see* TEX.R. CIV. P. 165a(3). *See also In re Rodriguez,* 99 S.W.3d 825, 828 (Tex.App.-Amarillo 2003, orig. proceeding); *Whitworth v. Blumenthal,* 59 S.W.3d 393, 400 (Tex.App.-Dallas 2001, pet. dism'd by agr.); *Nguyen v. Kim,* 3 S.W.3d 146, 151–52 (Tex.App.-Houston [14th Dist.] 1999, no pet.). It is appropriate, then, to review decisions discussing the standard in those contexts.

In *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 84 (Tex.1992), we held that a mistake of law is one of the excuses that may satisfy the *Craddock* requirements. We emphasized, however, that not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse. 830 S.W.2d at 84. We cited three cases in which mistakes of law failed to meet the *Craddock* standard. *Id.* (citing *Carey Crutcher, Inc. v. Mid–Coast Diesel Servs., Inc.,* 725 S.W.2d 500, 502 (Tex. App.-Corpus Christi 1987, no writ) (attorney did not understand effect of bankruptcy stay), *First Nat'l Bank of Bryan v. Peterson,* 709 S.W.2d 276, 279 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)(in response to writ of garnishment, party froze accounts but did not submit funds to the court or file an answer), and *Butler v. Dal Tex Mach. & Tool Co., Inc.,* 627 S.W.2d 258, 260 (Tex.App.-Fort Worth 1982, no writ) (read but did not understand citation; did nothing)).

In *Carey Crutcher,* for example, an attorney testified that he failed to file an answer on his client's behalf because he mistakenly believed that the action was covered by an automatic bankruptcy stay. 725 S.W.2d at 502. On cross examination, the attorney admitted that the corporation he represented was not the party in bankruptcy and that he had not filed a suggestion of bankruptcy on behalf of his client. The court held that "this is not the type of mistake that negates conscious indifference" and that "the testimony supports the conclusion that the attorney made a conscious decision not to answer." *Id.*

Two months after our holding in *Bank One,* we decided *Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80 (Tex.1992). In that case, we held that Holt Atherton's uncontroverted affidavit that it did not file an answer because it did not possibly think it could be held liable was insufficient to negate a finding of conscious indifference. 835 S.W.2d at 83. We concluded that the trial court did not abuse its discretion in denying the motion to set aside the default judgment because the court could have concluded, based on the evidence before it, that Holt Atherton's failure to answer was intentional or due to conscious indifference. *Id.*

We can safely conclude, then, that our cases recognize a limitation on the types of mistakes of law that will negate a finding of conscious indifference or intentional conduct. Nonetheless, some lower courts appear to hold that any mistake of law will suffice to negate conscious indifference or intentional conduct. *See, e.g., In re Rodriguez,* 99 S.W.3d 825, 829 (Tex.App.-Amarillo 2003, orig. proceeding); *Whitworth v. Blumenthal,* 59 S.W.3d 393, 401–02 (Tex. App.-Dallas 2001, pet. dism'd by agr.); *Roberts v. Med. City Dallas Hosp., Inc.,* 988 S.W.2d 398, 403–04 (Tex.App.-Texarkana 1999, pet. denied). This overbroad interpretation ignores our holding in *Bank*

*One* that not all mistakes of law satisfy the *Craddock* test.

Conversely, other courts have held that, under section 13.01(g), an accident or mistake must be "characterized by a person's inadequate knowledge of the facts or an unexpected happening that precludes compliance with the statute." *Nguyen v. Kim*, 3 S.W.3d 146, 152 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *see also DeLeon v. Vela*, 70 S.W.3d 194, 200–01 (Tex.App.-San Antonio 2001, pet. denied); *Finley v. Steenkamp*, 19 S.W.3d 533, 539 (Tex.App.-Fort Worth 2000, no pet.). While this standard has some facial appeal, it fails to take into account *Bank One's* holding that some mistakes of law are sufficient to negate conscious indifference. Accordingly, because this rule departs from our precedent, we do not adopt it.

■ Instead, and in accordance with *Bank One* and *Holt Atherton*, we conclude that some mistakes of law may negate a finding of intentional conduct or conscious indifference, entitling the claimant to a grace period under section 13.01(g). Consistent with those cases, however, "not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse." *Bank One*, 830 S.W.2d at 84. Were that not the case, a party could, in any case, claim a mistake of law and be entitled to relief. This is contrary to our holding in *Bank One* and would frustrate article 4590i's express purpose. TEX.REV. CIV. STAT. art. 4590i, § 1.02.

With this in mind, we turn to the record in this case. In determining whether the failure to file adequate reports was due not to intentional disregard or conscious indifference but to accident or mistake, we must look to the knowledge and acts of the claimant. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). If the factual assertions in the claimant's testimony are not controverted by the opposing party,

the claimant satisfies his or her burden if the testimony sets forth facts that, if true, negate intentional or consciously indifferent conduct by the claimant. *Id.* at 38–39. In determining if the claimant's factual assertions are controverted, we look to all the evidence in the record. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex.1994).

■ Although the trial court proceeding in this case predated our decision in *Palacios*, the statute itself clearly delineates the requirements for an expert report. *See, e.g., Villa v. Hargrove*, No. 04-02-00213-CV, 2003 WL 1823391, *4, 2003 Tex.App. LEXIS 2994, *11 (Tex.App.-San Antonio April 9, 2003, n.p.h.)(noting that "*Palacios* simply reiterates the law codified in section 13.01" and "is best viewed as a case of statutory interpretation rather than one of court-made law"). Section 13.01(r)(6) defines "expert report" as:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX.REV.CIV. STAT. art. 4590i, § 13.01(r)(6). And, a party who files suit on claims subject to article 4590i is charged with knowledge of the statute and its requirements. In this case, the Gutierrezes' expert reports failed to address two of the three statutory requirements: the standard of care and the manner in which the standard was breached. Mills's testimony that he "believe[d]" the reports complied with the statute—in light of the clear statutory requirements to the contrary—does not establish a "sufficient excuse" necessary to

support a finding that a party made a mistake of law. *Bank One*, 830 S.W.2d at 84. Instead, we hold that, when a claimant files a report that omits one or more of section 13.01(r)(6)'s required elements, a purportedly mistaken belief that the report complied with the statute does not negate a finding of "intentional or conscious indifference." TEX.REV.CIV. STAT. art. 4590i, § 13.01(g). Accordingly, such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period.

Thus, the court of appeals erroneously concluded that the trial court abused its discretion in denying the section 13.01(g) grace period on the ground that Mills's testimony regarding his mistake was uncontroverted. As outlined above, Mills's testimony failed to set forth facts that, if true, negated intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d at 38–39. Based on that testimony and the evidence in the record, the trial court correctly found that the Gutierrezes were not entitled to a section 13.01(g) grace period.[2] *See Holt Atherton*, 835 S.W.2d at 83 (trial court did not abuse its discretion; party's own affidavit supported trial court's conclusion that failure to answer was intentional or due to conscious indifference); *Finley*, 19 S.W.3d at 540.

▮ Moreover, we note that the court of appeals' opinion appears to require defendants in health care liability actions to notify claimants of the statutory requirements before conscious indifference or intentional conduct may be found. 50 S.W.3d at 66. We reject this proposition. The statute contains no such requirement, and notifying opposing counsel of their statutory obligations is nothing more than a "professional courtesy." *Nguyen*, 3 S.W.3d at 153–54 (noting that "[n]ot every opposing counsel extends the professional courtesy of sending a reminder letter to the claimants' counsel, pointing out an approaching deadline and citing to the applicable statute that mandates the filing").

## V

### Due Process

▮ Finally, the Gutierrezes contend that denial of a grace period in the absence of conscious indifference or some notice of noncompliance would violate the due process clause of the United States Constitution. We have already held that the failure to file an adequate report in this case was intentional or the result of conscious indifference, thereby disposing of the Gutierrezes' first contention. We also conclude that the failure to require notice of noncompliance prior to filing a motion to dismiss does not render the statute unconstitutional.

Section 13.01 does not contain a requirement that a defendant provide a claimant with notice of noncompliance before that defendant moves to dismiss the case. Instead, the statute mandates dismissal if a claimant fails to file an adequate expert report: If the requirements of section 13.01(d) are not met, the court must "enter an order as sanctions" dismissing the case and granting the defendant its costs and attorneys' fees. TEX.REV.CIV. STAT. art. 4590i, § 13.01(e). The Gutierrezes complain that they were "ambushed with a dismissal motion" from petitioners after the deadline for filing an expert report had

---

2. Petitioners argue that the fact that Mills was a veteran lawyer who was board-certified and had handled other medical malpractice cases supports a finding of conscious indifference. We disagree. Mills's experience and board-certification are not material to the disposition here, because even a pro se litigant would be charged with knowledge of the statute and compliance with its requirements.

passed, and that defense counsel's failure to provide them with notice of noncompliance with the statute prior to filing a dismissal motion "run[s] afoul of the Due Process clause of the United States Constitution."

 We begin our analysis by presuming the statute is constitutional. *See Enron Corp. v. Spring Indep. Sch. Dist.,* 922 S.W.2d 931, 934 (Tex.1996). Additionally, the party challenging the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements. *Spring Branch Indep. Sch. Dist. v. Stamos,* 695 S.W.2d 556, 558 (Tex.1985). Although we have recognized that there are "constitutional limitations upon the power of courts, even in aid of their own processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause," *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917–18 (Tex.1991), we have also held that filing a frivolous lawsuit can be litigation misconduct subject to sanction, *Palacios,* 46 S.W.3d at 878 (citing Tex.R. Civ. P. 13). And one purpose of the expert-report requirement is to deter frivolous claims. *Palacios,* 46 S.W.3d at 878. As we noted in *Palacios,* "[t]he Legislature has determined that failing to timely file an expert report, or filing a report that does not evidence a good-faith effort to comply with the definition of an expert report, means that the claim is either frivolous, or at best has been brought prematurely. This is exactly the type of conduct for which sanctions are appropriate." *Id.* (citing *TransAmerican,* 811 S.W.2d at 918 (holding that "death-penalty" sanctions are appropriate when a party's discovery abuse justifies a presumption that its claims lack merit)).

In this case, the trial court conducted a hearing and determined that the Gutierrezes' expert report did not represent a good faith effort to comply with section 13.01(r)(6)'s definition of an expert report. The Gutierrezes' failure to file an adequate report thus raised the presumption that their claims were frivolous, or at best, premature. *See Palacios,* 46 S.W.3d at 878. We do not believe the Constitution requires prior notice that the law is serious about a clearly stated consequence for failing to comply with its terms. The sanction imposed against the Gutierrezes was a direct result of their failure to file an expert report that complied with the statutory requirements. Consequently, dismissal was appropriate and did not violate the due process clause, even in the absence of a notice of noncompliance prior to the motion to dismiss.

## VI

### Conclusion

We conclude that the trial court did not abuse its discretion in dismissing the Gutierrezes' claims because it could have concluded, based on the evidence before it, that the Gutierrezes' failure to file adequate expert reports was intentional or the result of conscious indifference. We also conclude that due process does not require that a defendant notify an article 4590i claimant before moving to dismiss the claim based on noncompliance with section 13.01. Accordingly, we reverse the court of appeals' judgment and dismiss with prejudice the Gutierrezes' claims.