11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

In re
Gustavo AGus@ Adolfo Gross, M.D.

No. 11-05-00167-CV -- Original Mandamus Proceeding

 

This is an original mandamus proceeding in a
health-care liability claim that was filed under the prior law,
TEX.REV.CIV.STAT. art. 4590i, '
13.01 (2003).[1]  Dr. Gustavo AGus@ Adolfo Gross argues that the trial
court should have dismissed the health-care liability claim against him because
the expert report originally filed by the real party in interest, Betty Jo Henry,
was inadequate.  He also maintains that
the trial court erred when it granted Henry an extension of time in which to
file a Asupplemental@ expert report.  We conditionally grant the petition for writ
of mandamus sought by Dr. Gross.  In
re Daniel J. Vaughan, M.D., No. 11-04-00011-CV, 2004 WL 308665 (Tex.App. -
Eastland, Feb. 19, 2004, orig. proceeding)(not designated for publication); In
re J. Scott Smith, M.D., No. 11-03-00409-CV, 2004 WL 308664 (Tex.App. -
Eastland, Feb. 19, 2004, orig. proceeding)(not designated for publication).

Henry filed her health-care liability claim
against Dr. Gross on August 29, 2003.  As
required by Article 4590i, section 13.01(d), Henry timely filed an affidavit by
Andrew Welch, M.D. as her expert report within 180 days of filing her
claim.  The date of the Welch affidavit
was November 25, 2002, some 9 months prior to Henry filing her claim.  On April 16, 2004, Dr. Gross filed a motion
to dismiss Henry=s lawsuit
in which Dr. Gross asserted that the report was insufficient as an expert
report because it did not comply with the requirements of Section
13.01(r)(6).  In Henry=s response to the motion, she claimed
that the report was sufficient as an expert report; and she also claimed that,
if the report was found to be insufficient, then it was insufficient because of
an accident or mistake and that she requested a 30-day grace period, as
provided in Section 13.01(g).

On June 10, 2004, the trial court held a hearing
on the motion to dismiss filed by Dr. Gross. 
At the end of the hearing, the trial court stated:








I
do find that the report of Dr. Welch is inadequate.  But, that while it does not omit addressing
the required areas under Section 13.01, that it is insufficient to do so in its
current state.  Therefore, I am going to
grant the request for a 30 day extension to supplement this report,
specifically that it should be explaining in non-conclusory connection any
causal negligence between Dr. Gross=
action and the plaintiff=s
resulted injuries, also addressing any familiarity with the standard of care
for a family practice physician, along with the general standard of care and
the causal connection between and addressing the delay that has been talked
about here.

 

In its order denying Dr. Gross=s motion to dismiss, the trial court
made an express finding that the affidavit of Dr. Welch complied Ain all material respects with '13.01 of Article 4590i as it includes
the Expert=s
opinions on each of the elements identified in '13.01(r)(6).@ 
The trial court then found that Dr. Welch=s
report did not show his qualifications with respect to identifying the standard
of care of a general practitioner acting as an emergency room physician in a
rural setting.  The trial court gave
Henry an additional 30 days, pursuant to Section 13.01(g), to file a
supplemental report Athat
demonstrates [Dr. Welch=s]
qualifications and the articulated standards.@

The original Welch affidavit dated November 25,
2002, did not comply with Section 13.01(r)(6). 
The short affidavit stated the following on the applicable standard of
care and the alleged breach of that standard by Dr. Gross:

5.         I treated Betty Jo Henry for injuries sustained in a motor
vehicle accident from December 24, 2001[,] through the present time.

 

6.         Within a reasonable degree of medical probability, the
treatment provided to Betty Jo Henry at Mitchell County Hospital, under the
direction and supervision of Dr. Gus Gross fell below the acceptable standard
of care.

 

7.         In the process of treating Betty Jo Henry, I discovered a
right inferior and superior pubic ramus fracture, a depression fracture of the
right lateral tibial plateau, and an avulsion tip fracture of the right fibula.

 

8.         By all accounts these fractures were a direct cause of the
automobile accident, and were missed by the radiologist at Mitchell County
Hospital and Dr. Gus Gross.

 

9.         Dr. Gus Gross ordered an assessment by physical
therapy.  The physical therapist was
unable to perform a complete evaluation secondary to extreme pain suffered by
Betty Jo Henry.  Dr. Gus Gross ignored
the report submitted by the physical therapist.

 








Dr. Welch=s
original affidavit did not set forth the standard of care and medical
procedures that a doctor should have followed in diagnosing and treating Henry=s injuries nor did he state how Dr.
Gross breached the standard of care.  Dr.
Welch=s
affidavit further stated that Dr. Gross noted (in the medical records,
apparently) that he immobilized her ankle and knee but that the nurse=s notes did not show any type of
immobilization device.  Dr. Welch did not
state why immobilization was or was not important.  He then concluded that:

The
error in diagnosis and the encouragement for early weight bearing...caused
Betty Jo Henry to suffer additional injuries including the need for a total
knee replacement due to the collapse of the tibial plateau and reflex
sympathetic dystrophy.

 

At the hearing, the trial court correctly stated
that a supplemental report by Dr. Welch was needed to explain, in
non-conclusory language, the connection between Dr. Gross=s alleged negligence and Henry=s injuries. Henry subsequently filed a
much more complete expert report by Dr. Welch; unfortunately, we cannot
consider that report.[2]

A trial court=s
decision to dismiss a lawsuit under Section 13.01(e) is reviewed for abuse of
discretion.  American Transitional
Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873 (Tex.2001).  A trial court=s
decision to grant the grace period under Section 13.01(g) is also reviewed for
abuse of discretion.  Walker v.
Gutierrez, 111 S.W.3d 56 (Tex.2003). 
A trial court abuses its discretion if the court acted without reference
to any guiding rules or principles or acted in an arbitrary or unreasonable
manner.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. den=d, 476 U.S. 1159 (1986).








If an expert report omits any of the statutory
requirements of Section 13.01(r)(6), it cannot constitute a good faith effort
to comply with the statute.  American
Transitional Care Centers of Texas, Inc. v. Palacios, supra.  Dr. Welch=s
first report failed to set forth his qualifications to identify the standard of
care that Dr. Gross should have followed. 
The expert report, with its accompanying curriculum vitae, must
establish on its face that the purported expert is qualified to opine on the accepted
standards of medical care and other requirements of Section 13.01(r)(6).  In re Windisch, 138 S.W.3d 507, 511
(Tex.App. - Amarillo 2004, orig. proceeding). 
The report also failed to set forth the required standard of care and
how Dr. Gross breached that standard of care. A court reviewing the adequacy of
a Section 13.01 report can look no further than the report itself because all
information required by Section 13.01(r)(6) must be contained within its four
corners.  Bowie Memorial Hospital v.
Wright, 79 S.W.3d 48, 52 (Tex.2002); American Transitional Care Centers
of Texas, Inc. v. Palacios, supra at 878.

Section 13.01(d) required that a claimant file an
expert report, together with a curriculum vitae of the expert, within 180 days
of filing suit or voluntarily nonsuit the action.  Henry filed the original Welch report within
the 180 days, but the June 10 hearing on Dr. Gross=s
motion to dismiss was held after the 180 days had elapsed.  Walker v. Gutierrez, supra, pointed
out that there is no distinction between a motion to dismiss under subsection
(e) for failure to file any report and a motion to dismiss under subsection (l)
for failure to file an adequate report. 
In both instances, the sanction is dismissal.  Id. at 61.  To avoid dismissal for filing an inadequate
report, Henry requested that the trial court grant her a 30-day extension under
Section 13.01(g) to comply with Section 13.01(r)(6), claiming that her failure Awas not intentional or the result of
conscious indifference but was the result of an accident or mistake.@

The only evidence that Henry=s failure was an accident or mistake
was her counsel=s
statement that he honestly and in good faith believed that the original report
met the requirements of Section 13.01. 
In Walker, the supreme court held that, if a report omits one or
more of the elements required by Section 13.01(r)(6), a mistaken belief that
the report is sufficient is not the type of mistake that would entitle a
claimant to the grace period provided for in Section 13.01(g).  Walker v. Gutierrez, supra.  The trial court abused its discretion in
granting Henry a 30-day extension to file another report.

The petition for writ of mandamus is conditionally
granted.  A writ of mandamus will issue
if the trial court does not enter an order within 20 days that (1) finds that
the original Welch report was inadequate under Article 4590i, (2) denies the
grace period requested by Henry, (3) rejects the Asupplemental@ report, and (4) grants Dr. Gross=s motion to dismiss.

 

TERRY McCALL

June 23,
2005                                                              JUSTICE

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Although applicable to this case, TEX.REV.CIV.STAT.
art. 4590i (1999) was repealed effective September 1, 2003; and the subject
matter is now governed by TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (Vernon
2005).  Matters regarding expert reports
are specifically governed by Section 74.351.





[2]Dr. Welch=s second
affidavit did set forth the required standard of care and how Dr. Gross
breached it.