NUMBER 13-04-054-CV
 


COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG



__________________________________________________________________


IN RE: ANTONIO ESPARZA, M.D., ANTONIO ESPARZA, M.D., P.A.
D/B/A "BABIES AND CHILDREN'S CLINIC", ALFREDO V.
GONZALEZ, M.D., WILMER E. LOJA, M.D., AND JAIME A.
JIMENEZ, M.D.

__________________________________________________________________


On Petition for Writ of Mandamus

__________________________________________________________________




MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


 Opinion Per Curiam

 Relators Antonio Esparza, M.D.; Antonio Esparza, M.D., P.A., d/b/a "Babies and
Children's Clinic"; Alfredo V. Gonzalez, M.D.; Wilmer E. Loja, M.D.; and Jaime A.
Jimenez, M.D., filed a petition for writ of mandamus requesting that this Court direct
the respondent, the Honorable Rose Guerra Reyna, presiding judge of the 206th Judicial
District Court of Hidalgo County, Texas, to vacate her January 29, 2004 order that: (1)
granted a motion by the real party in interest, Texas Department of Protective and
Regulatory Services (the "DPRS"), as next friend of J.L.E., a minor child, for extension
of time to file a 4590i expert report (1); and (2) denied relators' motion to dismiss. Relators
also requested emergency temporary relief from this Court to stay any and all
proceedings in the underlying suit pending our review of the petition for writ of
mandamus, which we granted. See Tex. R. App. P. 52.10(a). 

 Relators assert that the trial court abused its discretion in finding that: 
(1) mistake or accident prevented DPRS from timely filing its expert report; and (2) the
failure was not intentional or the result of conscious indifference. Relators also contend
they have no adequate remedy by appeal, arguing that by requiring dismissal, article
4590i expresses a specific legislative purpose, if an expert report is not filed timely, to
permit a health care provider to avoid the expense of defending a claim that the plaintiff
did not investigate timely. The DPRS responds that section 13.01(g) of the article
mandates an extension if the trial court believes that the failure to file an expert report
is due to accident or mistake and not intentional or through conscious indifference. 
See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (2); see also Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003).

 At the conclusion of an evidentiary hearing, the trial court denied relators' 
motion to dismiss, granted DPRS's motion to extend time to file an expert report,
ordered the report filed within thirty days, and made "all findings as set forth in
[4590i](g) to allow the extension." The trial court further ordered the relators to submit
to depositions within one week. 

 Mandamus relief is appropriate only: (1) to correct a clear abuse of discretion
or the violation of a duty imposed by law; and (2) there is no adequate appellate
remedy. CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Section 13.01(g) of
article 4590i provides that a trial court shall give a plaintiff a 30-day grace period to file
sufficient expert reports where the plaintiff's failure to file the reports was not intentional
or the result of conscious indifference but was the result of an accident or mistake. Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g). (3) This standard mirrors the standard that
governs setting aside a default judgment or reinstating a case dismissed for want of
prosecution. Gutierrez, 111 S.W.3d at 63. Based on the record before us, we
conclude that relators have failed to show that the trial court clearly abused its
discretion and that they have no adequate remedy by appeal. See In re Woman's Hosp.
of Tex., Inc., No. 02-0748, 2004 Tex. LEXIS 196, at *21 (Tex. March 5, 2004) (concurring
in part and dissenting in part to denial of petitions for writ of mandamus). Accordingly,
we DENY the petition for writ of mandamus. We VACATE the stay previously granted
in this proceeding. 


 PER CURIAM



Memorandum Opinion Per Curiam delivered and filed

this 10th day of March, 2004.

1. Act of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (former
Tex. Rev. Civ. Stat. Ann. art. 4590i), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §10.09, 2003
Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp.
2004)). 
2. See note 1. 
3. See note 1.