Carla **EICHELBERGER**, Appellant,

v.

**ST. PAUL MEDICAL CENTER**, St. Paul's Clinic, St. Paul Emergency Department, Texas Health Resources, Dr. Scottie King, Dr. J. Chesshire, Dr. J. DeLeon, Dr. L. Phillips, Dr. Farrow, Dr. M. Oliveria, Dr. Donald McKay, Dr. Christopher Fetner, and Dr. Michael Gruber, Appellees.

No. 05–01–00885–CV.

Court of Appeals of Texas, Dallas.

Jan. 14, 2003.

Rehearing Overruled March 27, 2003.

Carla Eichelberger for appellant.

Michael Patrick Lyons, M. Steve Nagle, Rosalyn Renee Tippett, Guinn & Roby, Savrina R. Karels, R. Brent Cooper, Diana L. Faust, Cooper & Scully, Dallas, for appellees.

Before Chief Justice THOMAS [1] and Justices BRIDGES and FITZGERALD.

1. Justice Ed Kinkeade participated in the original submission of this case. Since submission, Justice Kinkeade has retired from this Court. Chief Justice Linda Thomas has reviewed the record and the briefs in this case.

## OPINION

Opinion by Justice BRIDGES.

In this medical malpractice case, Carla Eichelberger appeals the trial court's order dismissing her claims against St. Paul Medical Center, St. Paul's Clinic, St. Paul Emergency Department, Texas Health Resources, Dr. Scottie King, Dr. J. Chesshire, Dr. J. DeLeon, Dr. L. Phillips, Dr. Farrow, Dr. M. Oliveria, Dr. Donald McKay, Dr. Christopher Fetner, and Dr. Michael Gruber. In two issues, Eichelberger argues the trial court erred in (1) dismissing her claims because her expert report did not comply with section 13.01 of the Medical Liability and Insurance Improvement Act ("the Act") and (2) failing to grant her a grace period to amend her expert report. We affirm the trial court's judgment.

On June 19, 2000, Eichelberger sued appellees alleging negligence in their diagnosis and treatment of her. On September 18, 2000, Eichelberger filed the expert report and curriculum vitae of Geoffrey Walker, M.D. In February 2001, appellees filed motions to dismiss on the basis that Walker was a nephrologist unqualified to render an opinion in this case and his report did not satisfy the expert report requirements under the Act. Eichelberger filed a response in which she set forth the course of treatment she received and reiterated the assertions contained in Walker's report. The response also asked the trial court to "grant the relief permitted by Article 4590i, Sec. 13.01(g)." After a hearing, the trial court granted appellees' motions to dismiss. This appeal followed.

In her first issue, Eichelberger argues the trial court erred in granting appellees' motions to dismiss on the basis that appellant's expert report did not meet the requirements of section 13.01 of the Act. Section 13.01(d) of the Act requires a plaintiff asserting a health care liability claim to submit an expert report, along with the expert's curriculum vitae, for each defendant physician or health care provider no later than the 180th day after filing suit. See TEX.REV.CIV. STAT. ANN. Art. 4590i § 13.01(d) (Vernon Supp.2003). The Act defines an expert report as a written report providing "a fair summary of the expert's opinions ... regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX.REV.CIV. STAT. ANN. Art. 4590i § 13.01(r)(6) (Vernon Supp.2003).

If a claimant furnishes a report to the defendant within the time permitted, a defendant may file a motion challenging the report. See TEX.REV.CIV. STAT. ANN. Art. 4590i § 13.01(l) (Vernon Supp.2003). The trial court shall grant the motion only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the statutory definition of an expert report. See id.; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877–78 (Tex. 2001). We review a trial court's ruling on a motion challenging a report under an abuse of discretion standard. See id. at 878. Under this standard, we defer to the trial court's factual determinations but review questions of law de novo. Knie v. Piskun, 23 S.W.3d 455, 461 (Tex.App.-Amarillo 200, pet. denied).

To constitute a good faith effort under the Act, the expert report must provide, for each defendant, a fair summary of the expert's opinions with respect to each of the requirements set forth in subsection (r)(6), i.e., a standard of care, breach of that standard, and causation. Palacios, 46 S.W.3d at 878–79. If a report omits any of the statutory elements, it cannot be a good faith effort. Id. at 879. The report must fulfill the dual purpose of notifying each defendant of the specific

conduct called into question and providing support for a trial court to conclude the claims have merit. *Id.* In determining whether the report represents a good faith effort, the trial court's inquiry is limited to the four corners of the report. *Id.* at 878.

In their motions to dismiss, appellees argued Walker's report failed to address any of the Act's specified elements as they related to their treatment of Eichelberger. Specifically, they argued the report filed did not provide a standard of care relative to their conduct, identify any breach by any of the named defendants, or detail the causal relationship between any alleged breach and Eichelberger's injuries. In addition, appellees argued Walker was not trained or qualified as an expert in all of the medical fields represented by the various appellees.

We have reviewed Walker's report, and we conclude it does not represent a good faith effort to comply with the statutory definition of an expert report. *See* TEX. REV.CIV. STAT. ANN. Art. 4590i § 13.01(*l*) (Vernon Supp.2003); *Palacios,* 46 S.W.3d at 878–79. Walker's report is a two-page document in which he asserts the standard of reasonable care required certain treatment Eichelberger did not receive and proscribed certain treatment Eichelberger did receive. Walker's report does not mention any of the appellees by name or summarize the ways in which any of the appellees breached the standard of care or caused Eichelberger any injury. Instead, the report is a conclusory statement that Eichelberger should have received different treatment and was injured as a result. Thus, whether or not Walker was qualified as an expert in this case, the trial court did not abuse its discretion in dismissing Eichelberger's claims on the basis that she failed to file an expert report as required by the Act. *See Palacios,* 46 S.W.3d at 878–79. We conclude Eichelberger's first issue lacks merit.

■ In her second issue, Eichelberger argues the trial court erred in denying her request for a thirty-day grace period under section 13.01(g) of the Act. This Court has previously held that a party who timely files an expert report which does not meet the requirements of the Act is nevertheless entitled to the thirty-day grace period under subsection (g) if the party shows their failure to file an expert report within the time prescribed was not intentional or the result of conscious indifference. *See Whitworth v. Blumenthal,* 59 S.W.3d 393, 397–400 (Tex.App.-Dallas 2001, pet. dism'd by agr.). Accordingly, we turn now to whether the trial court abused its discretion in denying Eichelberger's request for a subsection (g) grace period. *See id.* at 400.

■ In determining whether a plaintiff has shown failure to comply with subsection (d) was not intentional or the result of conscious indifference, we find instructive those cases applying similar language under *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). *See id.* In determining whether a party acted intentionally or with conscious indifference, we look to the parties' knowledge and acts or the knowledge and acts of their attorney. *Whitworth,* 59 S.W.3d at 400. Proof of accident or mistake negates intentional disregard or conscious indifference. *Id.* at 401. Some excuse, but not necessarily a good excuse, is enough to show lack of intentional disregard or conscious indifference. *Id.* Furthermore, under *Craddock,* a trial court must grant a motion for new trial if the plaintiff's evidence negating conscious indifference is uncontroverted. *Whitworth,* 59 S.W.3d at 401. However, the plaintiff bears the burden of supporting her claim of accident or mistake with *evidence. Rittmer v. Garza,* 65 S.W.3d 718, 724 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (emphasis in original).

Here, Eichelberger's request for a subsection (g) grace period is contained in her response to appellees' motions to dismiss. The request simply states she requests the trial court to "grant the relief permitted by Article 4590i, Sec. 13.01(g)." At the hearing on appellees' motions to dismiss, appellant presented no evidence that her failure to comply with subsection (d) was not intentional or the result of conscious indifference. Instead, appellant's counsel argued that the expert report was a good faith effort to comply with the Act. Appellant's counsel did not address the propriety of a thirty-day grace period at the hearing, and the trial court granted appellees' motions to dismiss on February 26, 2001. In the absence of any evidence supporting Eichelberger's argument regarding lack of conscious indifference, we conclude the trial court did not abuse its discretion in denying Eichelberger a thirty-day grace period under subsection (g). *See Rittmer*, 65 S.W.3d at 724. Eichelberger's second issue lacks merit.

We affirm the trial court's judgment.