Carroll Lee COPELAND, Appellant,

v.

Warren Vic AYERS, M.D. and
Presbyterian Hospital of
Greenville, Appellees.

No. 05–03–01118–CV.

Court of Appeals of Texas,
Dallas.

July 9, 2004.

Karl Frederick Lynch, Denton, for Appellant.

Christopher T. Colby, Gregory J. Lensing, Cowles & Thompson, P.C., Ryan Jon Browne, James Jonathan McGoldrick, Jones Rook Austin L.L.P., Dallas, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Justice MORRIS.

In this medical malpractice case, we address whether the trial court abused its discretion in refusing to grant Carroll Lee Copeland a thirty-day grace period within which to file his expert report and dismissing his claims with prejudice pursuant to the Texas Medical Liability and Insurance Improvement Act. After reviewing the record on appeal, we conclude the trial court did not abuse its discretion. We affirm the trial court's judgment.

## I.

Carroll Lee Copeland filed this suit on August 15, 2002 alleging that Peter Gray, M.D., Warren Vic Ayers, M.D., and Presbyterian Hospital of Greenville were negligent in providing medical care for his mother, resulting in her death.[1] On October 11, 2002, Copeland filed a motion to substitute counsel naming Karl F. Lynch as his attorney of record. The trial court signed an order granting the motion on October 14.

Under article 4590i, section 13.01(d) of the Texas Medical Liability and Insurance Improvement Act, Copeland was required on or before February 11, 2003, to either dismiss his claims voluntarily or provide opposing counsel with an expert report,

showing, among other things, how each defendant physician or health care provider failed to meet an applicable standard of care. *See* Act of May 18, 1995, 74th Leg., R.S. ch. 140 § 1, 1995 Tex. Gen. Laws 985–86, repealed by Act of June 11, 2003, 78th Leg., R.S. ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 864–885.[2] It is undisputed that no expert report was provided by Copeland until March 6, 2003. Both Ayers and Presbyterian filed motions to dismiss Copeland's claims on the basis of his failure to provide an expert report within the time allowed.

On April 17, 2003, Copeland filed a motion requesting an extension of time to file his expert report under section 13.01(g) of the Act. *See* Act of May 18, 1995, 74th Leg. R.S., ch. 140 § 1, 1995 Tex. Gen. Laws at 986 (repealed 2003). Copeland argued he was entitled to a thirty-day grace period within which to file his expert report because his failure to file a timely report was not intentional or the result of conscious indifference but was the result of an accident or mistake. As evidence in support of his motion, Copeland filed two affidavits made by his attorneys, Karl Lynch and Nicole Collier. Lynch testified in his affidavit that when the suit was referred to him in September 2002, the case file contained an expert report written by Leonard Carney, M.D. Lynch assigned the case to another lawyer in his office, Michael Lipscomb, who was in charge of handling the matter until he left the firm on February 1, 2003. When Lipscomb left, Lynch assigned the case to Collier. According to Collier, while she was preparing discovery responses in the case on March 6, she realized that Carney's expert report had

---

1. Copeland later dismissed his claims against Peter Gray, M.D.

2. Copeland filed his suit before the repeal of article 4590i and, therefore, the case is gov-

erned by the provisions of article 4590i in effect at that time. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204 § 23.02(d), 2003 Tex. Gen. Laws 847, 899.

never been filed or sent to opposing counsel. Lynch instructed Collier to file the report immediately and forward copies to all counsel of record.

Following a hearing, the trial court found that Copeland did not meet his burden to show a lack of conscious indifference or that his failure to timely file an expert report was the result of an accident or mistake. The trial court further concluded that Carney's report was insufficient as an expert report because it failed to set forth the applicable standards of care, the manner in which the standards were breached, and the causal relationship between the alleged breaches and the claimed injury. The court also stated Carney's report was conclusory and lacked supporting facts. The trial court dismissed Copeland's claims with prejudice to refiling. Copeland brings this appeal contending the trial court erred in refusing to grant him a thirty-day grace period to file his expert report and in dismissing his claims.

## II.

We review a trial court's order dismissing claims for failure to comply with section 13.01's expert report requirements under an abuse of discretion standard. *See Hansen v. Starr*, 123 S.W.3d 13, 19 (Tex.App.-Dallas 2003, pet. denied). Likewise, we review the trial court's decision not to grant a claimant a grace period under section 13.01(g) under an abuse of discretion standard. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id.*

Section 13.01(g) requires a trial court to grant a claimant a grace period to file his expert report if, after a hearing, the trial court finds the failure of the claimant or his attorney to meet the requirements of section 13.01 within the time allowed was not intentional or the result of conscious indifference but was the result of an accident or mistake. *Id.* at 62–63. In determining whether a party acted intentionally or with conscious indifference, we look to the party's knowledge and acts or the knowledge and acts of his attorney. *Eichelberger v. St. Paul Med. Ctr.*, 99 S.W.3d 636, 639 (Tex.App.-Dallas 2003, pet. denied). The claimant bears the burden of supporting his claim of accident or mistake with evidence. *Id.*

The evidence submitted by Copeland to show accident or mistake consisted solely of the affidavits of his attorneys, Lynch and Collier. As noted by the trial court in its findings of fact, Copeland presented no evidence to show Lipscomb's knowledge or activities even though Lipscomb was the attorney assigned to Copeland's case from September 2002 until February 2003. Accordingly, Copeland did not negate intent or conscious indifference for the time period he was represented by Lipscomb.

Furthermore, Lynch and Collier's excuse for not timely filing an expert report in Copeland's case was their belief that the expert report written by Carney had already been filed. Carney's report, however, does not fulfill section 13.01's requirements for an expert report. The trial court found the report did not set forth the applicable standards of care, the manner in which the standards were breached, or the causal relationship between the alleged breaches and the injury.[3] After reviewing the report, we agree. Nowhere in the

---

3. Copeland does not challenge the substance of the trial court's findings with respect to the sufficiency of Carney's expert report. Instead, Copeland argues the trial court's findings were "premature" because the report was not properly on file at the time of the

report does Carney set forth a standard of care applicable to either Ayers or Presbyterian or how these two health care providers breached such a standard. Indeed, in the "opinion" section of Carney's report, neither Ayers nor Presbyterian is ever mentioned. Because Carney's report did not fulfill the requirements for an expert report under section 13.01, Lynch and Collier's belief that the report had been filed could not negate their intent or conscious indifference. *See Walker*, 111 S.W.3d at 65.

Based on the foregoing, we conclude the trial court did not abuse its discretion in denying Copeland's request for a thirty-day grace period and in dismissing Copeland's claims. We affirm the trial court's judgment.

ruling. Copeland cites no authority supporting this argument and we have found none. Because the sufficiency of the expert report is relevant to Copeland's claims of accident or mistake, we conclude Copeland's argument that the trial court's findings were premature to be without merit.