Carla **EICHELBERGER**, Appellant

v.

**Sharon MULVEHILL, M.D.,** Appellee.

No. 05–01–01740–CV.

Court of Appeals of Texas,
Dallas.

Aug. 10, 2006.

Carla Eichelberger, Tyler, for Appellant.

Kirk Willis, Godwin, Gruber, LLP, Dallas, for Appellee.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY.

This is a medical negligence case subject to the expert report requirements of former article 4590i, section 13.01 of the revised civil statutes (the Medical Liability and Insurance Improvement Act of Texas, or MLIIA).[1] In two issues, Carla Eichelberger, representing herself on appeal, challenges the trial court's granting of Sharon Mulvehill, M.D.'s motion to dismiss and denying Eichelberger's request for a

---

1. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 Tex. Gen. Laws, 985–87, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp. 2006)). Because Eichelberger filed her lawsuit before article 4590i was repealed, it was governed by the provisions of article 4590i in effect then. *See* Act of June 2, 2003, 78th Leg., R. S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws at 899.

grace period. For the reasons below, we resolve Eichelberger's two issues against her and affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2000, Eichelberger sued Mulvehill and others alleging they failed to properly diagnose and treat her. In September 2000, Eichelberger filed the two-page expert report and nine-page curriculum vitae of Geoffrey S. Walker, M.D. Mulvehill's co-defendants filed a motion to dismiss pursuant to section 13.01(d), which the trial court granted. That case was severed. Eichelberger appealed the trial court's ruling, and this Court affirmed. *See Eichelberger v. St. Paul Med. Ctr.*, 99 S.W.3d 636 (Tex.App.-Dallas 2003, pet. denied).

Subsequently, Mulvehill filed a motion to dismiss pursuant to section 13.01(d). Eichelberger responded and requested a thirty-day extension pursuant to sections 13.01(f) and (g). After a hearing on July 25, 2001, the trial court signed an order granting Mulvehill's motion to dismiss. Eichelberger filed motions for new trial. This appeal followed.

## II. EXPERT REPORT

In her first issue, Eichelberger contends the trial court erred in granting Mulvehill's motion to dismiss on the basis that her expert report failed to comply with the statutory requirements.

### A. Applicable Law and Standard of Review

Section 13.01(d) of the MLIIA requires a plaintiff asserting a health care liability claim to submit an expert report, along with the expert's curriculum vitae, for each defendant physician or health care provider no later than the 180th day after filing suit. Act of May 5, 1995, 74th Leg., R.S.,

ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). The MLI-IA defines an expert report as a written report providing "a fair summary of the expert's opinions ... regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Act of May 5, 1995, 74th Leg., R.S. ch. 140, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 987 (repealed 2003).

■ If a claimant furnishes a report to the defendant within the time permitted, a defendant may file a motion challenging the report. Act of May 5, 1995, 74th Leg., R.S. ch. 140, § 1, sec. 13.01(*l*), 1995 Tex. Gen. Laws 985, 987 (repealed 2003). The trial court shall grant the motion only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the statutory definition of an expert report. *Id.; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877–78 (Tex.2001) (applying former article 4590i). We review a trial court's ruling on a motion challenging a report under an abuse of discretion standard. *Palacios*, 46 S.W.3d at 878. Under this standard, we defer to the trial court's factual determinations but review questions of law de novo. *See Eichelberger*, 99 S.W.3d at 638.

■ To constitute a good faith effort under the MLIIA, the expert report must provide, for each defendant, a fair summary of the expert's opinions with respect to each of the requirements set forth in section 13.01(r)(6), i.e., a standard of care, breach of that standard, and causation. *Palacios*, 46 S.W.3d at 878–79. If a report omits any of the statutory elements, it cannot be a good faith effort. *Id.* at 879. The report must fulfill the dual purpose of

notifying each defendant of the specific conduct called into question and providing support for a trial court to conclude the claims have merit. *Id.* In determining whether the report represents a good faith effort, the trial court's inquiry is limited to the four corners of the report. *Id.* at 878.

## B. Discussion

Eichelberger contends "the record in this appeal is substantially more developed than the appellate record in the first appeal" and that the prior appeal did not include "the entire report" from her expert. We consider the documents that, according to Eichelberger, constitute "the entire report."

The first document is the same two-page report by Walker reviewed by this Court in the prior appeal, to which was attached Walker's curriculum vitae. Like her co-defendants, Mulvehill argued Walker's report failed to address any of the MLIIA's specified elements as they related to her treatment of Eichelberger. In addition, Mulvehill argued Walker did not indicate he was an emergency medicine physician, which was Mulvehill's specialty. We have reviewed Walker's report, and we agree with this Court's prior decision that Walker's report does not represent a good faith effort to comply with the statutory definition of an expert report. Like the inadequacies noted previously by this Court, the report does not mention Mulvehill by name or summarize the ways in which she breached the standard of care or caused Eichelberger any injury. *See Eichelberger,* 99 S.W.3d at 639; *see also Wood v. Tice,* 988 S.W.2d 829, 831 (Tex.App.-San Antonio 1999, pet. denied) ("The report must specifically refer to the defendant and discuss how that defendant breached the applicable standard of care."). As we stated in *Eichelberger,* "[T]he report is a conclusory statement that Eichelberger

should have received different treatment and was injured as a result." *Eichelberger,* 99 S.W.3d at 639 (citing *Palacios,* 46 S.W.3d at 878–79).

The second document appears to be Eichelberger's unverified answers to the first set of interrogatories propounded by one of the physician defendants in the severed suit. However, this document was apparently served on opposing counsel around February 14, 2001, well after Walker's report was furnished in September 2000. On appeal, Eichelberger argues Walker's two-page report was a "cover letter," and she cites this second document as part of "the entire report."

We cannot agree. As her expert report, Eichelberger attached Walker's two-page report as an exhibit to her response to Mulvehill's motion to dismiss. And at the July 25, 2001 hearing, during a discussion whether the case after the severance was a "new case," the trial court asked Eichelberger if there was only one expert report, and Eichelberger agreed. Further, there is no indication that Walker agreed with— or indeed ever saw—the interrogatory answers Eichelberger now contends constitutes a part of his expert report. We conclude that Walker's two-page report was filed as the expert report pursuant to the MLIIA and Eichelberger's interrogatory answers were not part of Walker's expert report.

Even if Eichelberger had filed her interrogatory answers as an expert report, this document does not meet the requirements of section 13.01(r)(6). *See* Act of May 5, 1995, 74th Leg., R.S. ch. 140, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 987 (repealed 2003); *Palacios,* 46 S.W.3d at 878–79. Moreover, the trial court could not consider Eichelberger's interrogatory answers in determining whether Walker's report represented a good faith effort because the trial court's inquiry was limited

to the four corners of the report. *See* *Palacios,* 46 S.W.3d at 878.

Having concluded that Walker's expert report was "the entire report" filed pursuant to the MLIIA and that it did not represent a good faith effort to comply with the statutory definition, we further conclude the trial court did not abuse its discretion in granting Mulvehill's motion to dismiss. We need not address Eichelberger's additional argument under her first issue that Walker established his qualifications under section 14.01 of the MLIIA. We resolve Eichelberger's first issue against her.

## III. GRACE PERIOD

In her second issue, Eichelberger contends the trial court abused its discretion in denying her request for a grace period pursuant to section 13.01(g).[2]

### A. Applicable Law and Standard of Review

▮ Pursuant to section 13.01(g), a party who timely files an expert report which does not meet the requirements of the Act is nevertheless entitled to the thirty-day grace period under subsection (g) if the party shows her failure to file an expert report within the time prescribed was not intentional or the result of conscious indifference, but was the result of accident or mistake. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(g), 1995 Tex. Gen. Laws 985, 986 (repealed 2003); *Walker v. Gutierrez,* 111 S.W.3d 56, 61 (Tex.2003); *Eichelberger,* 99 S.W.3d at 639. We review a trial court's ruling on a request for a grace period for abuse of discretion. *Walker,* 111 S.W.3d at 62. In determining whether a party acted inten-

tionally or with conscious indifference, we look to the claimant's knowledge and acts. *Id.* at 64. A party who files suit on claims subject to article 4590i is charged with knowledge of the statute and its requirements. *Id.* When a claimant files a report that omits one or more of section 13.01(r)(6)'s required elements, a purportedly mistaken belief that the report complied with the statute does not negate a finding of "intentional or conscious indifference." *Id.* at 65. Such a mistake is not a mistake of law that entitles a claimant to a section 13.01(g) grace period. *Id.*

### B. Discussion

▮ First, Eichelberger argues she believed Walker's report complied with the statutory requirements. However, Walker's report does not comply with the statute because it omits required elements, as noted above, and, pursuant to *Walker,* Eichelberger's mistaken belief that the report did comply does not negate a finding of "intentional or conscious indifference." *See id.* Second, Eichelberger argues that any failure to produce a proper expert report was due to her inability to obtain all the medical records and information. However, this evidence shows Eichelberger intentionally failed to file a report. In determining whether Eichelberger acted intentionally or with conscious indifference, we look to her knowledge and acts, not any failure by Mulvehill or any other defendant to act such as by failing to provide medical records. *See Pfeiffer v. Jacobs,* 29 S.W.3d 193, 198 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (concluding failure to file expert report within deadline intentional, not accidental, when excuse

---

2. By failing to challenge on appeal the denial of her request for an extension pursuant to section 13.01(f), Eichelberger has waived that issue. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

492

offered was that "physician required a further examination"). Third, we reject Eichelberger's argument that Mulvehill's failure to notify her that the expert report was inadequate entitles her to a section 13.01(g) extension; Mulvehill was not required to notify Eichelberger of the statutory requirements before conscious indifference or intentional conduct could be found. *See Walker*, 111 S.W.3d at 65. Lastly, we reject Eichelberger's argument that denial of a grace period denies her due process because her case is dismissed by a sanction without her presentation of the merits of her claim; the supreme court has considered and rejected this argument. *See id.* at 65–66.

Having rejected Eichelberger's arguments that the trial court abused its discretion in failing to grant her request for a section 13.01(g) grace period, we resolve her second issue against her.

## IV.  CONCLUSION

Having resolved Eichelberger's two issues against her, we affirm the trial court's order granting Mulvehill's motion to dismiss.