Opinion filed December 14, 2006



















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00279-CV 

                                                    __________

 

                                 PATRICIA LANE ET AL
, Appellants

 

                                                             V.

 

                                       P.
BYON VAUGHN, Appellee

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. D-115,501

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This case involves the dismissal of a health care
liability claim.  The claims against Dr.
P. Byon Vaughn were dismissed with prejudice after the trial court found that
the expert report failed to satisfy the requirements of former Tex. Rev. Civ. Stat. art. 4590i, ' 13.01, (1997) (repealed effective
August 31, 2003) (current version at
Tex. Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon
Supp. 2006)).  The provisions of former
Article 4590i, section 13.01 are applicable to this case because the petition
was filed prior to repeal.[1]  Appellants[2]
contend that the trial court erred in dismissing their claims against Dr.
Vaughn.  We affirm the dismissal.  

A trial court=s
ruling on a motion to dismiss a health care liability claim is reviewed for an
abuse of discretion.  Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46
S.W.3d 873, 877‑78 (Tex.
2001).  A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner or without
reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241‑42 (Tex.
1985).  In determining whether an expert
report constitutes a good‑faith attempt to comply with the statute, a
trial court is limited to a review of the four corners of the report.  Palacios, 46 S.W.3d at 878.  

The plaintiff in a medical malpractice suit must
furnish each defendant physician and health care provider with an expert report
or voluntarily nonsuit the action. 
Former Article 4590i, section 13.01(d); Palacios, 46 S.W.3d at
877.  The expert report must provide:

[A]
fair summary of the expert=s
opinions as of the date of the report regarding applicable standards of care,
the manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed. 


 

Former Article 4590i, section 13.01(r)(6).  If a plaintiff timely files an expert report
and the defendant moves to dismiss because of the report=s
inadequacy, the trial court must grant the motion Aonly
if it appears to the court, after hearing, that the report does not represent a
good faith effort to comply with the definition of an expert report in
Subsection (r)(6) of this section.@  Former Article 4590i, section 13.01(l).

To constitute a good-faith effort, the report must
provide enough information to inform the defendant of the specific conduct
called into question and to provide a basis for the trial court to conclude
that the claims have merit.  Palacios,
46 S.W.3d at 879.  The report need not
marshal all the plaintiff=s
proof, but it must include the expert=s
opinion on each of the three elements that the statute identifies:  standard of care, breach, and causal
relationship.  Id. at 878.   








In this case, appellants filed the expert report
of Dr. Diana Fite, a board-certified emergency physician.  Dr. Fite concluded that the emergency care
received by Patricia Lane
at Medical Center Hospital
was deficient and led directly to the stroke that resulted in her death.  Nowhere in the report does Dr. Fite even
mention Dr. Vaughn=s
name.  Dr. Fite=s
report also fails to set out the applicable standard of care.  Because the report did not name Dr. Vaughn or
set out the applicable standard of care, it did not inform Dr. Vaughn of the
specific conduct called into question.  See
Jernigan v. Langley, 195 S.W.3d 91, 93-94 (Tex.
2006);  Villa v. Hargrove, 110
S.W.3d 74, 79 (Tex.
App.CSan
Antonio 2003, pet. denied); Eichelberger v. St. Paul Med. Ctr., 99
S.W.3d 636, 639 (Tex. App.CDallas
2003, pet. denied).  After reviewing Dr.
Fite=s report,
we conclude that the trial court could have reasonably determined that the
report, which omitted required elements, did not represent a good‑faith
effort to comply with Article 4590i, section 13.01.

Appellants also argue that the trial court erred
in failing to grant an extension of time to file an amended expert report
pursuant to Article 4590i, section 13.01(g). 
Appellants= attorney
asserted that the failure to timely file a report complying with the statute
was not the result of conscious indifference and was not intentional, that he
thought Dr. Fite=s report
was sufficient, that he did request a more specific report from Dr. Fite but
had never received one from her, and that he thought his co-counsel had taken
care of the problem.  The record shows
that one extension had already been granted 
and that appellants=
petition had been filed for over 15 months when they requested a second
extension.  Appellants= attorney=s
mistaken belief that the report was not deficient Adoes
not negate a finding of >intentional
or conscious indifference.=@ 
Walker v. Gutierrez, 111
S.W.3d 56, 65 (Tex.
2003).  Based on the circumstances in
this case, we cannot conclude that the trial court abused its discretion in
failing to grant a second extension of time to file an expert report that
complied with the statute or in granting Dr. Vaughn=s
motion to dismiss.  Appellants= sole issue on appeal is
overruled.  








Dr. Vaughn presents a cross-issue in his brief in
which he contends that the trial court abused its discretion by refusing to
enforce an award of attorney=s
fees pursuant to Article 4590i, section 13.01(e).  The record shows that the trial court did not
award any attorney=s fees to
Dr. Vaughn when it granted his motion to dismiss.  Dr. Vaughn is, therefore, requesting that we
alter the trial court=s
judgment and grant him more favorable relief than the trial court did.  We may not do so without just cause because
Dr. Vaughn did not file a notice of appeal. 
Pursuant to Tex. R. App. P.
25.1(c), a party seeking to alter the trial court=s
judgment must file a notice of appeal.  Lubbock County, Tex.
v. Trammel=s Lubbock Bail Bonds, 80 S.W.3d 580, 584 (Tex. 2002).  Also, an Aappellate
court may not grant a party who does not file a notice of appeal more favorable
relief than did the trial court except for just cause.@  Rule 25.1(c). 


Dr. Vaughn contends that he was effectively
precluded from filing a cross-notice of appeal by appellants= failure to timely serve Dr. Vaughn
with a copy of their notice of appeal. 
Appellants= notice
of appeal contains a certificate of service reflecting that appellants= attorney faxed the notice of appeal to
Dr. Vaughn=s
attorney.  Dr. Vaughn=s attorney avers that she received no
such fax. Whether Dr. Vaughn was properly served with the notice of appeal is
not dispositive of the issue in this case. 
Even if Dr. Vaughn was not properly served, no just cause exists to
review Dr. Vaughn=s
cross-issue.  Dr. Vaughn had 90 days
after the judgment in which to file a notice of appeal.  Tex.
R. App. P. 26.1.  The 90-day time
period provided for in Rule 26.1(a) was longer than the period would have been
under Rule 26.1(d), which would have allowed Dr. Vaughn 14 days to file a
notice of appeal after appellants filed their notice of appeal, because
appellants filed their notice of appeal 73 days after final judgment.  We hold that Dr. Vaughn waived appellate review
of his cross-issue by failing to file a notice of appeal.  See Trammel=s,
80 S.W.3d at 584; CHCA E. Houston, L.P. v. Henderson,
99 S.W.3d 630, 636 (Tex.
App.CHouston
[14th Dist.] 2003, no pet.).  Dr. Vaughn=s cross-issue is overruled. 

The judgment of the trial court is affirmed.

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

 

December 14, 2006

Panel
consists of:  McCall, J., 

Strange,
J., and McCloud, S.J.[3]











[1]We note that this is not an interlocutory appeal and
that the dismissal became a final, appealable judgment after judgment was
rendered as to the other defendant who is not a party to this appeal.  





[2]Appellants are Patricia Lane
, Kenneth Lane
, Vickie Rose, Jeffery C. Lane
, Kenneth O. Lane
, Wendy Lane
, and Rhonda Lane
. 





[3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.