Amer SULEMAN, M.D., Appellant,

v.

Robert W. BREWSTER and Annetta P. Brewster, Appellees.

No. 05–07–01296–CV.

Court of Appeals of Texas, Dallas.

Nov. 12, 2008.

Michael A. Yanof, Stinnett, Thiebaud & Remington, L.L.P., Dallas, TX, Jeffrey F. Wood, James J. McGoldrick, Jones Carr McGoldrick, L.L.P., Dallas, TX, for Appellant.

Les Weisbrod, Miller Curtis & Weisbrod, L.L.P., William A. Newman, Dallas, TX, for Appellees.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

### OPINION

Opinion by Justice WHITTINGTON.

In this health care liability lawsuit, Amer Suleman, M.D. brings an interlocutory appeal[1] of the trial judge's order

---

1. Columbia Medical Center of McKinney Subsidiary, LP d/b/a Medical Center of McKinney   withdrew its interlocutory appeal.

denying his motion to dismiss certain allegations against him. In a single issue, Dr. Suleman contends the trial judge abused his discretion by denying Dr. Suleman's motion to dismiss those allegations because the Brewsters failed to comply with the expert report requirements of chapter 74 of the Texas Civil Practice and Remedies Code. We affirm the trial court's order.

In January 2006, the Brewsters filed a health care liability claim against defendants, including Dr. Suleman. The Brewsters' original petition alleged Dr. Suleman was negligent in Roger Brewster's care with regard to pressure sores developed during his 2003 hospitalization. The Brewsters timely provided an expert report from Dr. Rushing against Dr. Suleman related to the skin care allegations. More than 120 days after the Brewsters filed their lawsuit, the Brewsters filed an amended petition that added factual allegations and allegations of negligence against Dr. Suleman regarding cardiology care of Roger Brewster during his hospitalization (cardiology allegations). In conjunction with their amended petition, the Brewsters served a report of Dr. Dlabal addressing the cardiology allegations against Dr. Suleman.

Dr. Suleman filed a motion to dismiss with prejudice only the cardiology allegations, because Dr. Suleman was served with the Brewsters' expert's cardiology report more than 120 days after the Brewsters filed their health care liability lawsuit. The trial judge denied Dr. Suleman's motion to dismiss the cardiology allegations, and Dr. Suleman filed this interlocutory appeal.

■ We review a trial judge's order on a motion to dismiss a health care liability claim for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001);

*Baylor Univ. Med. Ctr. v. Biggs,* 237 S.W.3d 909, 916 (Tex.App.-Dallas 2007, pet. denied). An abuse of discretion occurs when the trial judge acts in an unreasonable and arbitrary manner, or when he acts without reference to any guiding rules or principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003). To the extent resolution of this issue requires interpretation of the statute, we review the ruling under a de novo standard. *See Intracare Hosp. N. v. Campbell,* 222 S.W.3d 790, 794 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Buck v. Blum,* 130 S.W.3d 285, 290 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

■ In chapter 74 of the civil practice and remedies code, "claim" means "a health care liability claim." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(2) (Vernon Supp.2008). "Health care liability claim," in turn, is defined in chapter 74 as "a cause of action against a ... physician for the treatment, lack of treatment, or other claimed departure from accepted standards of medical care ... which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13) (Vernon 2005). The Brewsters' claims are health care liability claims and, therefore, subject to the expert report requirements of chapter 74.

The Brewsters' cause of action accrued in 2003. The 2003 version of section 74.351(a) is applicable to causes of action that accrued before September 1, 2005. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 2, 2005 Tex. Gen. Laws 1590, 1590. The 2003 version of section 74.351(a) applicable to this cause of action provides: "In a health care liability claim, a claimant shall, not later than the

120th day after the date the claim was filed, serve ... one or more expert reports ... for each physician or health care provider against whom a liability clam is asserted." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (amended 2005) (hereinafter 2003 version). If the claimant does not serve such report within the deadline, the trial court shall enter an order granting the affected party's motion to dismiss the claim with prejudice. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon Supp. 2008).

This Court is bound by our opinion in *Puls v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.,* 92 S.W.3d 613 (Tex.App.-Dallas 2002, pet. denied). In *Puls,* we interpreted the predecessor statute to section 74.351(a), Texas Revised Civil Statutes Annotated article 4590i, section 13.01(d). *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986, *repealed and codified as amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Article 4590i, section 13.01(d) provided a claimant shall furnish one or more expert reports for each physician or health care provider against whom a claim is asserted not later than the 180th day after the date on which a health care liability claim is filed. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986 (repealed and codified as amended 2003). Like the 2003 version of section 74.351(a), art. 4590i, section 13.01(d) measured the deadline for expert

reports in a health care liability suit from the date the claim is filed.

In *Puls,* the appellants initially asserted a claim against a hospital based on its vicarious liability for the alleged negligence of perfusionists during surgery. They subsequently amended their petition to assert the hospital's vicarious liability for the alleged negligence of nurses providing post-operative care. *Puls,* 92 S.W.3d at 615. The expert report criticizing the nurses' conduct was served within the statutory deadline of the amended petition, but not the original petition. *Puls,* 92 S.W.3d at 615. The hospital filed a motion to dismiss the claims against it, contending the deadline for filing an expert report was to be measured from the date the claimants filed their original suit against the hospital, in which they alleged the hospital's liability was based on the perfusionists' conduct. The Court rejected the hospital's contentions, stating that a healthcare liability claim is "a theory of a health care provider's liability," and therefore "[t]he amendment of a petition to add a new claim constitutes *filing* of that claim pursuant to section 13.01(d) and triggers the expert report deadline as to any defendant sued in either a direct or vicarious capacity." *Puls,* 92 S.W.3d at 617–18 (emphasis in original).[2]

The Brewsters alleged for the first time in their amended petition a health care liability claim against Dr. Suleman based on his cardiology care of Roger Brewster. The 120–day deadline to serve the expert

---

**2.** In 2005, section 74.351(a) was amended to require expert reports to be served within 120 days of filing the original petition, rather than within 120 days of filing a health care liability claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2008). However, the 2005 amendment applies only to a cause of action that accrues on or after September 1, 2005. Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590. *See Methodist Charlton Med. Ctr. v. Steele,* No. 05–07–01762–CV, 2008 WL 3844557, *2 (Tex.App.-Dallas Aug.19, 2008, no pet. h.) (plain language of current version of section 74.351(a) requires claimant to serve expert report on each physician or health care provider against whom liability claim is asserted within 120 days of filing original petition).

report concerning those allegations was triggered by the filing of the amended petition. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Gen. Laws 847, 875 (amended 2005). *See also Poland v. Grigore,* 249 S.W.3d 607, 613–14 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (under 2003 version of section 74.351, time period to file expert report for amended claim triggered by first petition to allege claim); *Mokkala v. Mead,* 178 S.W.3d 66, 71 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (under plain language of 2003 version of section 74.351(a), health care liability claim is "cause of action," not "lawsuit," and 120–day period triggered on date claimant files a petition alleging a particular health care liability claim).

We conclude the trial judge did not abuse his discretion in denying Dr. Suleman's motion to dismiss the Brewster's cardiology allegations. Accordingly, we overrule Dr. Suleman's sole issue and affirm the trial court's order.