May 12, 2009

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0714

Re: Authority of a county to contract with a
private entity for the collection of delinquent
fines, fees, and court costs   (RQ-0752-GA)

Dear Senator Wentworth:

You ask whether a county "contract with a private firm [under article 103.0031 of the Texas
Code of Criminal Procedure] for the collection of delinquent fines, fees and court costs arising from
its justice, county and district courts interferes with or in any way abrogates the authority" of the
county criminal district attorney in relation "to either the pending or adjudicated criminal cases
referred to the private firm for collections assistance."[1]  You explain that it is the Hidalgo County
criminal district attorney's "position that the execution and performance of [such a] contract
impermissibly interferes with his prosecutorial authority with respect to these criminal cases" and
that "article 103.0031 is unconstitutional." Request Letter at 2.

Code of Criminal Procedure article 103.0031 provides, in relevant part, that

> (a) [t]he commissioners court of a county . . . may enter into a contract
> with a private attorney or a public or private vendor for the provision
> of collection services for one or more of the following items:
>
> (1) debts and accounts receivable such as unpaid fines, fees,
> court costs, forfeited bonds, and restitution ordered paid by . . . a
> court serving the county . . . [and]
>
> (2) amounts in cases in which the accused has failed to appear
> [as provided under certain provisions of law.][2]

TEX. CODE CRIM. PROC. ANN. art. 103.0031(a) (Vernon 2006) (footnote added).

---

[1]*See* Request Letter at 1, 3 (*available at* http://www.texasattorneygeneral.gov).

[2]Specifically, article 103.0031 authorizes the collection of amounts in cases in which the accused has failed to
appear (1) as promised under Transportation Code, chapter 543, subchapter A or other law; (2) pursuant to a written
notice to appear under article 14.06(b) or other law; (3) pursuant to a summons issued under article 15.03(b) or other
law; (4) pursuant to an order of a court serving the county; or (5) pursuant to a citation, summons, or other notice under
Transportation Code section 682.002 in relation to a parking or stopping offense. TEX. CODE CRIM. PROC. ANN. art.
103.0031(a)(2) (Vernon 2006). Your question is limited to how article 103.0031 may impact the criminal district
attorney's prosecutorial authority as to *criminal* cases. Thus, this opinion is not intended to address the impact of article
103.0031 on any authority the criminal district attorney may have as to cases that are civil in nature.

Though you do not specify, the criminal district attorney's argument appears to be a facial constitutional challenge based on article V, section 21 of the Texas Constitution.[3] *See* TEX. CONST. art. V, § 21. That provision of the constitution creates the office of criminal district attorney:

> County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

*Id.*; *see also Hill County v. Sheppard*, 178 S.W.2d 261, 263 (Tex. 1944) ("[I]t is our opinion that the term criminal district attorney refers to a class or kind of district attorneys, and that a criminal district attorney is a district attorney within the meaning of the Constitution.").

A primary role of the criminal district attorney, as reflected in state law,[4] is "'to prosecute the pleas of the state in criminal cases.'" *Meshell v State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987) (quoting *Brady v. Brooks*, 89 S.W. 1052, 1056 (1905)). Courts have stated that the Legislature cannot remove or abridge this prosecutorial role unless expressly authorized by the constitution. *See Meshell* at 254–55 & n.11 (discussing the separation of powers doctrine and stating that a statute enacted pursuant to article IV, section 22 may deprive the criminal district attorney of his authority without violating article V, section 21); *Maud v. Terrell*, 200 S.W. 375, 376 (Tex. 1918); *cf.* TEX. CONST. art. V, § 18(b) (providing that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this constitution and the laws of the State, or as may be hereafter prescribed"). Moreover, an analysis of the constitutionality of a state statute begins with a presumption of validity. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2005) (providing that it is presumed the Legislature, in enacting a statute, intended compliance with the state and federal constitutions); *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) ("We begin our analysis by presuming the statute is constitutional."); *Maud*, 200 S.W. at 376.

We address first your question as to "pending"[5] criminal cases. We consider article 103.0031 in relation to both a criminal district attorney and a collection agent in "pending" cases.

---

[3]*See* Attachment to Request Letter at 1, 7–8 (discussing article V, section 21).

[4]The Legislature has provided that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom" and that each county attorney shall represent the state in criminal prosecutions in all courts below the grade of district court. TEX. CODE CRIM. PROC. ANN. arts. 2.01–.02 (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 44.208 (Vernon 2004) (providing that the criminal district attorney of Hidalgo County shall perform the duties of and has all the powers, duties, and privileges conferred on district and county attorneys).

[5]You use the term "pending" to refer to collections under article 103.0031(a)(2) in cases in which the accused has failed to appear and "the amount to be paid . . . is [that] communicated to the accused as acceptable to the court under its standard policy for resolution of the case." TEX. CODE CRIM. PROC. ANN. art. 103.0031(a)(2), (b)(1) (Vernon 2006); Request Letter at 2 (explaining some people contacted by the collections firm "have charges pending against them without a final adjudication" and citing to article 103.0031(a)(2)).

As to a criminal district attorney, article 103.0031 does not "unequivocally supplant" or, in its effect, "dispossess[]" the criminal district attorney of the authority to prosecute. *Maud*, 200 S.W. at 377 (analyzing the validity of a statute under article V, section 21). Nothing in article 103.0031 indicates that once a matter has been referred to a collection agent that the prosecutor is thereafter prevented from exercising the authority to prosecute. On the contrary, article 103.0031 provides that "[a] communication [from the collection agent] to the accused person regarding the amount of payment that is acceptable to the court under the court's standard policy for resolution of a case must include a notice of the person's right to enter a plea or go to trial on any offense charged." TEX. CODE CRIM. PROC. ANN. art. 103.0031(j) (Vernon 2006).

We next consider article 103.0031 in relation to a collection agent. One brief received in our office suggests that a collection agent exercises prosecutorial authority in that a letter from a collection agent to a defendant in a "pending" case constitutes a plea bargain.[6] *See Hartsfield v. State*, 200 S.W.3d 813, 817 (Tex. App.—Texarkana 2006, pet. ref'd) (explaining that the prosecutorial role consists of various functions including decisions "regarding whether to prosecute, what investigative powers to utilize, and what plea bargains to strike"). We disagree.

The Texas Court of Criminal Appeals explains that

> [p]lea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority . . . . [It] is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence.

*Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988) (quoting *Perkins v. Ct. App.*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987)); *see Ex parte Spicuzza*, 903 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd); *see also State v. Moore*, 240 S.W.3d 248, 253–55 (Tex. Crim. App. 2007) (explaining that *Perkins* provides a general definition of a plea agreement and that agreements can be more complex and provide, for example, remedies in the event of a partial breach).

---

[6]*See* Brief from Honorable Bart E. Medley, Jeff Davis County Attorney, at 2 (Nov. 4, 2008) (on file with the Opinion Committee) ("In effect, what the private firm is saying to these defendants is that they can enter a plea of guilty, pay the fine and costs requested, and the case will go away. This is a plea bargain, plain and simple."). You do not specify with what prosecutorial function the Hidalgo County criminal district attorney contends that article 103.0031 interferes.

A communication from a collection agent to a defendant in a "pending" case is not a plea bargain as described by the Court of Criminal Appeals. The communication is not an offer or promise by an agent of the State to reduce or make some other concession as to the charge or the sentence which is subject to the approval of the trial judge. Rather, the amount communicated to the accused by the collection agent in a "pending" case is that which is acceptable to the court under the court's standard policy for resolution of the case. TEX. CODE CRIM. PROC. ANN. art. 103.0031(b)(1) (Vernon 2006); *cf. id.* art. 103.0031(b)(2) (providing that in a failure to appear case a collection fee also applies to the "amount ordered paid by the court after plea or trial"). There are instances in which the court is statutorily authorized to resolve a case through acceptance of payment of some amount of money. Code of Criminal Procedure article 27.14(c) provides that "[i]n a misdemeanor case for which the maximum possible punishment is by fine only, *payment of a fine or an amount accepted by the court* constitutes a finding of guilty in open court as though a plea of nolo contendere had been entered by the defendant and constitutes a waiver of a jury trial in writing." *Id.* art. 27.14(c) (emphasis added); *see also* TEX. PENAL CODE ANN. § 38.10(e) (Vernon 2003) (indicating that the offense of failure to appear is a "Class C misdemeanor if the offense for which the actor's appearance was required is punishable by fine only"); *id.* § 12.23 (providing that Class C misdemeanor is punishable by fine not to exceed $500). Thus, as to "pending" cases, a collection agent is authorized to collect only those amounts that a court is otherwise authorized to accept in resolution of a case. We conclude that a contract authorized by article 103.0031 does not, as a matter of law, violate article V, section 21 of the Texas Constitution by depriving the criminal district attorney of the authority to prosecute "pending" cases.

You also ask about collections in those criminal cases that have been "adjudicated."[7] Request Letter at 3. We find nothing to indicate that the enforcement of a final judgment by a court is a prosecutorial function of the office of criminal district attorney. *See* TEX. CONST. art. V, § 21; TEX. CODE CRIM. PROC. ANN. arts. 2.01–.02 (Vernon 2005); TEX. GOV'T CODE ANN. § 44.208 (Vernon 2004). Thus, we conclude that a contract under article 103.0031 for collections in relation to "adjudicated" matters does not violate article V, section 21 of the Texas Constitution by depriving the criminal district attorney of the authority to prosecute.

---

[7]You use the term "adjudicated" to refer to collections under article 103.0031(a)(1) in a case where a defendant fails to pay the fines, fees, costs, forfeited bonds or restitution, or a portion thereof, by the date specified in a final judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 103.0031(a)(1) (Vernon 2006); Request Letter at 2 (explaining that some people contacted by the collections firm "have had a final judgment against them").

## S U M M A R Y

Code of Criminal Procedure article 103.0031, which authorizes the commissioners court of a county to enter into a contract with a private attorney or a public or private vendor for the provision of collection services, does not violate article V, section 21 of the Texas Constitution by depriving the criminal district attorney of the authority to prosecute suits by the state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee