IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-1066
════════════
 
Michael T. Jelinek, M.D. and Columbia Rio Grande Healthcare, L.P. d/b/a 
Rio Grande Regional Hospital, Petitioners,
 
v.
 
Francisco Casas and Alfredo DeLeon, Jr., as 
Personal Representatives of the Estate of Eloisa Casas, Deceased, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued February 
18, 2010
 
 
            
Justice Lehrmann, dissenting in 
part.
            
I fully join Chief Justice Jefferson’s dissent.  I write separately, 
however, to highlight the incongruity inherent in the Court’s decision to remand 
the case for an award of attorney’s fees and costs under former article 4590i § 
13.01(e), given this case’s circumstances.  See Tex. Rev. Civ. Stat. art. 4590i 
§ 13.01(e) (repealed 2003)[1].  The Court presumes that Dr. 
Michael Jelinek is entitled to attorney’s fees because 
the expert report filed by Eloisa Casas’s estate[2] was, on appeal, determined to be 
insufficient.  But, after a pre-trial hearing was held on the defendant’s 
motion to dismiss the lawsuit, the trial court rejected 
Dr. Jelinek’s contention that the report was 
inadequate; consequently, the Casases had no 
opportunity to rectify any deficiencies as the statute and our precedent would 
have allowed.  
            
Section 13.01(e) of article 4590i provided for an order awarding attorney’s fees 
and costs if a health care claimant failed to supply an expert report within the 
time required under subsection (d)—180 days.  But the statute provided 
several avenues for health care claimants to obtain an extension of the 180-day 
deadline, including section 13.01(g).  That provision required the 
trial court to grant a thirty-day extension of the statutory deadline if a 
claimant’s failure to provide an expert report was not intentional or the result 
of conscious indifference.  And we have expressly held that “a party who 
files a timely but inadequate expert report may seek relief under the grace 
period provisions of section 13.01(g).”  Walker v. 
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  Thus, health care 
claimants could receive an opportunity to rectify deficiencies in a report if 
they could show that they did not intentionally, or with conscious indifference, 
submit an inadequate report.  
            
Here, the Casases never had the chance to request an 
opportunity to cure any deficiencies in their report because the trial court 
determined that the report adequately complied with section 13.01(d).  In 
Gutierrez, we were guided by our recognition that it would be “perverse” 
to allow a claimant who filed no report a second chance to comply with the 
statute’s expert report requirement, while “punishing those who attempt to 
comply with the statute but fail.”  Id.  In this case, 
perversely, the Casases may have been in a better 
position than they are now if the trial court had found that the report was 
inadequate; they might have had an opportunity to eliminate any 
deficiencies.  
 
            
I agree fully with Chief Justice Jefferson that the report represents a 
good-faith effort to comply with section 13.01.  Even if it did not, 
however, I would remand the case to allow the  Casases an opportunity to show that their failure to 
present an adequate report was not intentional or the result of conscious 
indifference.  See City of DeSoto v. White, 288 
S.W.3d 389, 401 (Tex. 2009) (remanding in the interest of justice sua sponte to allow 
police officer “to make an appellate election with full knowledge of his 
appellate rights and with knowledge of” the guidance provided in Court’s 
opinion).   In my view, the Casases should 
not be assessed  attorney’s fees and costs if they 
can make the showing section 13.01(g) requires and then submit a report 
complying with the statute.  For these reasons, as well as those expressed 
by Chief Justice Jefferson, I respectfully dissent in part.
 
                                                                        
__________________________________________
                                                                        
Debra H. Lehrmann 
                                                                        
Justice
 
                                                                                                            

OPINION DELIVERED: December 3, 
2010







[1] 
See Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986, amending 
the Medical Liability and Insurance Improvement Act of Texas, Act of May 30, 
1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 
2039, 2041, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.  For 
ease of reference, I will refer to the relevant provisions as they were 
identified in article 4590i.

[2] 
 I refer to the estate, which was represented 
by Casas’s husband and son, as “the Casases.”